UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LOUIS BRIAN OLESEN, II,
BARBARA OLESEN,
AMERICAN SHOOTERS SUPPLY, INC.,               **COMPLAINT**
and GUNS, INC.,

                              Plaintiffs,

                                                         **TRIAL BY JURY**
    *- against -*                                       **DEMANDED**

JOHN MORGAN, SPECIAL AGENT
OF THE FEDERAL BUREAU OF ALCOHOL,
TOBACCO AND FIREARMS, Individually and in his
official capacity, U.S. DEPARTMENT OF JUSTICE,
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS,

                              Defendants.

_____

       Plaintiffs in the above-captioned action allege as follows against defendant[s]:

### INTRODUCTION

    1.    Plaintiffs bring this action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, (403 U.S. 388 [1971]) for violations of their federal civil and constitutional rights by the defendant, a Special Agent of the Federal Bureau of Alcohol, Tobacco and Firearms.

### JURISDICTION

    2.    The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

    3.    The Court has supplemental jurisdiction of plaintiffs' related state law claims that are part of this case and controversy pursuant to 28 U.S.C. § 1367.

**VENUE**

4.    Venue of this action is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

5.    Plaintiff Louis Brian Olesen, II ("Brian Olesen") is an individual holder of a federal firearms license and the owner and operator of Guns, Inc., located at 350 Columbia Turnpike, Rensselaer, New York.  He also is an employee of plaintiff American Shooters Supply, Inc, doing business as B&J Guns, located at 1702 Central Avenue, Albany, New York.

6.    Plaintiff Barbara Olesen is an individual holder of a federal firearms license and the owner of plaintiff American Shooters Supply, Inc., doing business as B&J Guns, located at 1702 Central Avenue, Albany, New York.

7.    Plaintiff American Shooters Supply, Inc. is a corporation organized and existing pursuant to the laws of the State of New York, doing business as B&J Guns, with a principal place of business at 1702 Central Avenue, Albany, New York.

8.    Plaintiff Guns, Inc. is a corporation organized and existing pursuant to the laws of the State of New York, with a principal place of business at 350 Columbia Turnpike, Rensselaer, New York.

9.    Defendant John Morgan is a Resident in Charge Agent of the Federal Bureau of Alcohol, Tobacco and Firearms, Albany, New York, and, upon information and belief, a resident of the County of Columbia, State of New York.

10.    Defendant U.S. Department of Justice, Bureau of Alcohol, Tobacco and Firearms & Explosives employs Defendant John Morgan and is a federal law enforcement agency.

## FACTS

_____11.    In 2002 and 2003, plaintiff Brian Olesen was partners with James Frampton, an individual holder of a federal firearms license (hereinafter "FFL"), doing business as B&J Guns, Inc., at 1814 Central Avenue, Albany, New York.  Brian Olesen did not have his FFL at that time.

12.    In late 2002, early 2003, plaintiff Brian Olesen reported to the Bureau of Alcohol, Tobacco and Firearms a number of violations of federal and state firearms laws and regulations that were being committed by his partner, James Frampton.

13.    In response thereto, defendant John Morgan, in his official capacity as Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Albany, New York, became involved in the investigation of the complaints against Frampton made by plaintiff Brian Olesen.

14.    During the investigation of James Frampton, plaintiff Brain Olesen informed defendant John Morgan of the illegal conduct of James Frampton and how it was affecting the business of B&J Guns, Inc.

15.    Upon information and belief, in or around early 2003, John Morgan was given false information that Brian Olesen was having an affair with an individual who was purportedly in a relationship with John Morgan.

16.    Due to Morgan's belief of the affair, and the issues raised by Brian Olesen to defendant John Morgan about the manner in which the investigation of James Frampton was being conducted, defendant John Morgan commenced a continuing campaign of malice and retaliation against plaintiff Brian Olesen that continues to date.

17.    Each of the following actions of defendant John Morgan was undertaken in his official capacity as a Special Agent of the Bureau of Alcohol, Tobacco and Firearms and was part

of the continuing campaign of malice and retaliation against plaintiff Brian Olesen and a personal vendetta and grudge held by defendant John Morgan.

18.     In or about the winter and spring 2003, defendant John Morgan, in his official capacity as Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Albany, New York, with the specific intent of violating the constitutional rights of plaintiff Brian Olesen, and based upon a personal vendetta and grudge, specifically declared that he would prevent plaintiff Brian Olesen from receiving a federal firearms license.

19.     In or about the winter and spring 2003, defendant John Morgan, in his official capacity as Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Albany, New York, with the specific intent of violating the rights of plaintiff Brian Olesen, and based upon a personal vendetta and grudge, commenced the first of several frivolous criminal investigations of Brian Olesen.

20.     In or about the winter and spring 2003, defendant John Morgan, in his official capacity as Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Albany, New York, with the specific intent of violating the rights of plaintiff Brian Olesen, and based upon a personal vendetta and grudge, falsely informed a State Supreme Court Justice in an *ex parte* conversation, that an arrest of Brian Olesen was imminent in order to persuade the Justice to deny Brian Olesen's application for a New York State gun dealer's license.

21.     Throughout 2003, defendant John Morgan, in his official capacity as Special Agent of the Federal Bureau of Alcohol, Tobacco and Firearms, Albany, New York, with the specific intent of violating the rights of plaintiff Brian Olesen, and based upon a personal vendetta and grudge, directed that the assets and inventory of B&J Guns, Inc. be surrendered to an auctioneer, as opposed

to liquidation, which resulted in a major financial loss to plaintiff Brian Olesen.

22.     Throughout 2003, defendant John Morgan, acting under color of law, forced plaintiff Brian Olesen to consent to an auction of the assets and inventory under threat of illegal seizure by John Morgan in violation of Brian Olesen's constitutional rights, including the Fourth and Fourteenth Amendments.

23.     During 2003 and 2004, on more than one occasion, defendant John Morgan interfered with the plaintiffs' business by threatening customers of B&J Guns, Inc., including threatening a holder of a federal firearms license with loss of that license if the customer continued to do business or associate with plaintiff Brian Olesen and/or B&J Guns, Inc.

24.     On another occasion during an unconstitutional search, defendant John Morgan took two gun parts and assembled them to create an unlawful firearm within plaintiff's store.  John Morgan thereafter, knowing that the parts were legally possessed, unlawfully and without probable cause threatened plaintiff Brian Olesen with arrest for possessing a unregistered Title II Firearm (that John Morgan created), which charge John Morgan knew to be false.

25.     Between approximately February 2003 and June 2003, plaintiff Brian Olesen had pending his own application to obtain a federal firearms license.

26.     Defendant John Morgan intentionally and unlawfully interfered with and prevented plaintiff's federal firearms license application from being processed and granted, thus depriving Brian Olesen of a federal firearms license to which he was otherwise entitled, in violation of his constitutional rights and with intent to interfere with and cause financial damage to plaintiffs.

27.     Plaintiff Brian Olesen was forced to withdraw his application for a federal firearms license because he was informed that his application was going to be denied due to the false criminal

investigations commenced and continued by defendant John Morgan.

28.    As a consequence of not obtaining a federal firearms license, plaintiff Brian Olesen was unable to claim and recover assets and inventory from the auctioneer, resulting in additional financial loss.

29.    The plaintiff corporation, American Shooters Supply, Inc., began doing business under the aforementioned license of plaintiff Barbara Olesen in or about October 2003.

30.    Defendant John Morgan thereafter, unlawfully and with intent to cause financial harm to plaintiffs, prevented the auctioneer from transferring assets and inventory of the former B&J Guns, Inc. to plaintiff American Shooters Supply, Inc.

31.    Between winter 2003 and the present date, defendant John Morgan, in furtherance of the frivolous criminal investigations commenced against plaintiff Brian Olesen, without probable cause, and for purposes of retaliating against plaintiff for, among other things, exercising his free speech rights, and for his own personal vendetta and grudge against plaintiff, took the following unlawful actions:

a.    monitored telephone calls and conversations of plaintiff Brian Olesen;

b.    caused unlawful and unconstitutional law enforcement surveillance of plaintiff Brian Olesen, at his business and residence;

c.    made numerous verbal threats to "get" plaintiff Brian Olesen;

d.    outwardly stated to several individuals that his investigations and actions were undertaken as a personal "vendetta" and solely due to his dislike of plaintiff Brian Olesen specifically stating "this is a vendetta case;"

e.    caused subpoenas to be issued to lending institutions, vendors, suppliers, and

customers doing business with plaintiffs Brian Olesen,  Barbara Olesen, and American Shooters Supply, Inc., with the express intent and purpose to harass and interfere with plaintiffs' legitimate business relationships and cause those subpoenaed to cease doing business with plaintiffs, including refusing to extend business credit;

      f.    threatened lending institutions, suppliers, vendors, and customers not to associate or do business with plaintiffs or else face criminal prosecution and/or loss of licenses and civil penalties; and

      g.    made a personal *ex-parte* visit to a State Supreme Court Justice and attempted to influence the Judge not to grant any applications by plaintiffs for New York state gun dealer's licenses for their businesses.

32.    Upon information and belief, defendant John Morgan provided the U.S. Attorney's Office, Northern District of New York with false information allowing Morgan to proceed with criminal investigations of plaintiffs without informing the U.S. Attorney's Office that the investigations were based solely on his personal vendetta and grudge against plaintiff Brian Olesen.

33.    On repeated occasions between winter 2003 and the present date, defendant John Morgan has stated to third-parties that he will not cease his wrongful conduct against plaintiff Brian Olesen until Brian Olesen is in jail and/or out of business.

34.    Defendant John Morgan fabricated alleged firearms violations against Brian Olesen in order to pursue false and unconstitutional  criminal investigations.

35.    Upon information and belief, defendant John Morgan told an ATF agent that Brian Olesen had threatened his life, knowing this information to be false and knowing the that the ATF agent would continue to investigate Brian Olesen

36.     In or about the summer 2004, defendant John Morgan telephoned plaintiff Brian Olesen and stated that Brian Olesen would "need a magician, not an attorney when I get done with you."

37.     In or about February 2005, plaintiff Brian Olesen again applied for a federal firearms license.

38.     Upon information and belief, defendant John Morgan thereafter unlawfully interfered with and/or attempted to prevent plaintiff's second Federal Firearms License Application from being considered and approved, causing at least a seven-month delay before the application was granted, which unlawfully interfered with plaintiff's business.

## FIRST CAUSE OF ACTION
## BIVENS CLAIM

39.     Plaintiffs repeat, reallege, and reaffirm the foregoing allegations as if fully set forth herein.

40.     At all times relevant, defendant John Morgan was acting under color of federal authority in his official position as a Special Agent of the Bureau of Alcohol, Tobacco and Firearms.

41.     At all times relevant, defendant John Morgan acted with the specific intent of violating plaintiffs' federal statutory and constitutional rights based upon his personal "vendetta" and for the purpose of retaliating against plaintiff Brian Olesen for exercising his free speech rights under the First Amendment.

42.     At all times relevant, defendant John Morgan acted in bad faith with an intentional vindictive motive against plaintiffs.

43.     The actions of defendant John Morgan violated plaintiffs' rights to liberty, property,

and due process of law protected by the Fifth and Fourteenth Amendments and violated plaintiffs' rights as federal firearms licensees and/or applicants.

44.    The actions of defendant John Morgan violated the First and Fourteenth Amendment Rights of plaintiff Brian Olesen by retaliating against Brian Olesen for reporting firearms violations against his former partner, James Frampton, and for plaintiff's questioning and/or protesting defendant John Morgan's actions in the investigation of Frampton and others.

45.    Furthermore, defendant John Morgan violated plaintiffs' Fourth and Fourteenth Amendment Rights by causing ATF agents who worked under his supervision to unlawfully monitor Brian Olesen and American Shooters Supply,  misinformed ATF agents under his supervision that Brian Olesen has threatened their lives, causing them to further unlawfully harass Brian Olesen, Barbara Olesen and their respective business.

46.    Furthermore, Defendant John Morgan violated plaintiffs' federally protected property interests by preventing plaintiffs from obtaining federal firearms licenses in due course and depriving plaintiffs of their interests in personal property, including guns and other inventory.

47.    The rights of plaintiffs' violated by defendant John Morgan were clearly established at the time of the violations and a reasonable official would have known that his conduct violated plaintiffs' rights.

48.    As a proximate result of defendant's actions, plaintiffs are entitled to recover damages for the intentional violations of their federal constitutional and statutory rights.

**SECOND CAUSE OF ACTION**
**DEPRIVATION OF SUBSTANTIVE DUE PROCESS**

49.    Plaintiffs repeat, reallege, and reaffirm the foregoing allegations as if fully set forth

herein.

50.    The unlawful and intentional harassing conduct of Defendant John Morgan was an abuse of the executive power so clearly unjustified by any legitimate objective of law enforcement and so shocking to the conscience as to be a violation of the substantive Due Process rights of plaintiffs.

51.    By reason of the foregoing, plaintiffs have suffered damages in an amount to be determined upon the trial of this action.

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.    Plaintiffs repeat, reallege, and reaffirm the foregoing allegations as if fully set forth herein.

53.    The aforementioned continuing course of conduct by defendant John Morgan constitutes extreme and outrageous conduct, which is so outrageous in character and extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.

54.    At all times relevant, defendant John Morgan acted with intent to cause or conscious disregard of a substantial probability of causing severe emotional distress to plaintiff Brian Olesen.

55.    The aforementioned conduct of defendant John Morgan was a proximate cause of severe emotional injury to plaintiff Brian Olesen.

56.    Plaintiff Brian Olesen suffered severe emotional distress as a result of defendant's outrageous conduct.

## FOURTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

57.     Plaintiffs repeat, reallege, and reaffirm the foregoing allegations as if fully set forth herein.

58.     Defendant John Morgan directed his continuing tortious activities toward third parties who were customers, vendors, lenders and creditors of plaintiffs.

59.     Plaintiffs had existing and/or prospective business relationships with said third parties.

60.     Defendant John Morgan intentionally and deliberately interfered with the legitimate business relationships of plaintiffs.

61.     Defendant's conduct caused third parties to sever business relations with plaintiffs and interfered with plaintiffs' prospective contract rights.

62.     Defendant John Morgan effected his interference with plaintiffs' business relations by unlawful means and/or lawful means without justification, prompted by malice or ill will.

63.     Based upon the foregoing, plaintiffs have sustained economic injury.

## FIFTH CAUSE OF ACTION
## PRIMA FACIE TORT

64.     Plaintiffs repeat, reallege, and reaffirm the foregoing allegations as if fully set forth herein.

65.     Defendant John Morgan intentionally inflicted harm to plaintiffs.

66.     Defendant John Morgan acted without excuse or justification.

67.     Defendant John Morgan engaged in acts or series of acts that would otherwise be lawful.

68.     Defendant John Morgan was motivated solely by a vendetta malevolence, ill will and malice.

69.     Plaintiffs sustained special damages as a result of defendant John Morgan's conduct.

## SIXTH CAUSE OF ACTION
## LIABILITY OF THE ATF

70.     Plaintiffs repeat, reallege, and reaffirm the foregoing allegations as if fully set forth herein.

71.     The ATF had a duty to competently and properly recruit, screen, hire, monitor, supervise, and train its employees and agents to insure that they acted in accordance with law and not in violation of the rights of plaintiffs.

72.     The ATF was negligent and completely indifferent in failing to properly train, supervise, and monitor the activities of Defendant John Morgan as it pertained to his involvement with plaintiffs.

73.     Upon information and belief, the ATF condoned and/or approved and/or was consciously indifferent to the unlawful tactics and actions of Defendant John Morgan, which the ATF should have prevented with proper training, monitoring and supervision of John Morgan.

74.     As a result, it became the custom and practice of the ATF to permit the unlawful activities of Defendant John Morgan to continue against plaintiffs.

75.     The ATF is also vicariously liable for the unlawful conduct of Defendant John Morgan as alleged herein.

76.     By reason of the foregoing, plaintiffs have suffered damages in an amount to be determined upon the trial of this action.

**WHEREFORE,** it is respectfully requested that the Court grant the following relief:

A.     On the first cause of action, judgment awarding plaintiffs compensatory damages and punitive damages in amounts to be determined by a jury at trial;

B.     On the first cause of action, attorney's fees, costs and disbursements;

C.     On the second cause of action, judgment awarding plaintiffs compensatory damages and punitive damages in amounts to be determined by a jury at trial;

D.     On the third cause of action, judgment awarding plaintiff Brian Olesen compensatory damages and punitive damages in amounts to be determined by a jury at trial;

E.     On the fourth cause of action, judgment awarding plaintiffs compensatory damages and punitive damages in amounts to be determined by a jury at trial;

F.     On the fifth cause of action, judgment awarding plaintiffs compensatory damages, special damages, and punitive damages in amounts to be determined by a jury at trial;

G.     On the sixth cause of action, judgment awarding plaintiffs compensatory damages, special damages, and punitive damages in amounts to be determined by a jury at trial; and

H.     Such other and further relief as the Court deems just, proper and equitable.

Dated: August ___, 2006

DREYER BOYAJIAN LLP

_____
William J. Dreyer, Esq.
Bar Roll No.: 101539
Attorneys for Plaintiffs
75 Columbia Street
Albany, New York 12180
(518) 463-7784 [Phone]

A:\Complaint - Final.wpd