**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**LOUIS BRIAN OLESEN, II; BARBARA**
**OLESEN; AMERICAN SHOOTERS**
**SUPPLY, INC; and GUNS, INC.,**

                              **Plaintiffs,**

          **v.**                                                    **1:06-CV-959**
                                                                    **(FJS/DRH)**

**JOHN MORGAN, Special Agent of the**
**Federal Bureau of Alcohol, Tobacco, Firearms**
**and Explosives, Individually and in his official**
**capacity; U.S. DEPARTMENT OF JUSTICE,**
**BUREAU OF ALCOHOL, TOBACCO,**
**FIREARMS and EXPLOSIVES,**

                              **Defendants.**

_____

**APPEARANCES**                              **OF COUNSEL**

**DREYER BOYAJIAN LLP**                       **WILLIAM J. DREYER, ESQ.**
75 Columbia Street                            **APRIL M. WILSON, ESQ.**
Albany, New York 12210
Attorneys for Plaintiffs

**OFFICE OF THE UNITED STATES**               **MARY E. FLEMING, AUSA**
**ATTORNEY - WESTERN DISTRICT**
**OF NEW YORK**
138 Delaware Avenue
Buffalo, New York 14202
Attorneys for Defendants


**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

## I.  INTRODUCTION

Plaintiffs filed this action on August 8, 2006, asserting six causes of action:  (1) a *Bivens*

claim against Defendant John Morgan ("Morgan"), an agent of Defendant U.S. Department of

Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for violations of their

First, Fourth, and Fifth Amendment rights; (2) a substantive due process claim against Defendant

Morgan; (3) an intentional infliction of emotional distress claim against Defendant Morgan; (4) a

tortious interference with business relations claim against Defendant Morgan; (5) a *prima facie*

tort claim against Defendant Morgan; and (6) a cause of action for the liability of Defendant

ATF.  Plaintiffs have voluntarily dismissed the third, fourth, fifth, and sixth causes of actions.[1]

Currently pending before the Court is Defendants' motion to dismiss the first and second

causes of action on the following grounds: (1) sovereign immunity; (2) the Fourteenth

Amendment applies only to state and not federal action; (3) Plaintiffs Barbara Olesen, American

Shooters Supply, Inc., and Guns, Inc. lack standing; (4) statute of limitations; (5) failure to state

a claim; and (6) qualified immunity.[2]

## II.  BACKGROUND[3]

---

[1] *See* Affidavit of William J. Dreyer, Esq., sworn to February 23, 2007, at 2.

[2] Plaintiffs filed a cross-motion for leave to amend in the event that the Court dismissed
the first or second cause of action and for extension of time for service.

[3] Since this is a motion to dismiss, the facts are derived solely from the allegations in the
(continued...)

Plaintiff Louis Brian Olesen, II ("Brian Olesen") is an individual holder of a federal firearms license, an employee of Plaintiff American Shooters Supply, Inc., doing business as B&J Guns ("ASSI"), and the owner and operator of Plaintiff Guns, Inc. ("GI"). Plaintiff Barbara Olesen ("Barbara Olesen") is the owner of ASSI and Plaintiff Brian Olesen's mother.

In 2002 and 2003, Plaintiff Brian Olesen and his partner James Frampton did business as B&J Guns, Inc. ("B&J"); Mr. Frampton held the federal firearms license for the business. In late 2002 to early 2003, Plaintiff Brian Olesen reported to Defendant ATF that Mr. Frampton was committing a number of violations of federal and state laws. Defendant Morgan was involved in the investigation of the complaints.

Plaintiffs' first cause of action is a *Bivens* claim for First Amendment retaliation, a Fourth Amendment violation, and a Fifth Amendment procedural due process violation. Plaintiffs allege that Defendant Morgan took various improper actions in response to Plaintiff Brian Olesen's complaints about Defendant Morgan's investigation of Mr. Frampton in violation of the First Amendment. Plaintiffs allege that Defendant Morgan conducted illegal searches and seizures of their businesses and property in violation of the Fourth Amendment. Finally, Plaintiffs allege that Defendant Morgan deprived them of their property interests in guns and inventory as well as Plaintiff Brian Olesen's federal firearms license without due process in violation of their Fifth Amendment procedural due process rights.

Plaintiffs assert a second cause of action for violation of their substantive due process rights based on the same conduct covered by their *Bivens* claims under the First, Fourth and Fifth

---

[3](...continued)
complaint that form the basis for the remaining causes of action.

Amendments.

## III.  DISCUSSION

### A.    Preliminary matters

Defendant Morgan moves to dismiss claims against him in his official capacity based on sovereign immunity.  *See* Defendants' Memorandum of Law at 27-28.  Sovereign immunity bars *Bivens* actions against federal defendants in their official capacities.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (dismissing, for want of subject matter jurisdiction due to sovereign immunity, *Bivens* claims to the extent they constituted claims against the defendants in their official capacities).  Plaintiffs respond that their *Bivens* claims are only against Defendant Morgan in his individual capacity.  Since the complaint sues Defendant Morgan both individually and in his official capacity, the Court grants Defendant Morgan's motion to dismiss Plaintiffs' claims against him to the extent they are asserted against him in his official capacity.[4]

### B.    Standing

---

[4] Defendant Morgan also moves to dismiss Plaintiffs' claims to the extent they are brought pursuant to the Fourteenth Amendment because the Fourteenth Amendment relates only to state action.  *See* Defendants' Memorandum of Law at 32-33.  The Fourteenth "Amendment is violated only 'by conduct that may be fairly characterized as "state action."'" *Barrett v. Harwood*, 189 F.3d 297, 301 (2d Cir. 1999) (quotation omitted).  Since Defendant Morgan is a federal, not a state, actor, the Court grants Defendant Morgan's motion and dismisses Plaintiffs' claims to the extent he brings them pursuant to the Fourteenth Amendment.

Defendants challenge the standing of all Plaintiffs, except Plaintiff Brian Olesen, to bring all of their causes of action.

A party demonstrates the constitutional minimum requirements of standing by asserting (1) "an 'injury in fact' - a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not "conjectural" or "hypothetical;"'" (2) "causation - a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant;" and (3) "redressability - a likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 82, 102-03 (1998) (citations omitted). The party invoking jurisdiction bears the burden of establishing standing. *See id.* at 103-04 (citation omitted). On a motion to dismiss, the court must presume that the general allegations in the complaint encompass the specific facts necessary to support those allegations. *See id*. at 104 (citation omitted).

The complaint contains the following allegations of injury directed to Plaintiffs Barbara Olesen and ASSI: (1) Defendant Morgan prevented the auctioneer from transferring the assets of B&J Guns, Inc. to Plaintiff ASSI (owned by Barbara Olesen), *see* Complaint at ¶ 30; (2), as part of the criminal investigation against Plaintiff Brian Olesen, Defendant Morgan issued subpoenas to customers of Plaintiffs ASSI and Barbara Olesen, *see* Complaint at ¶ 31(g); (3) Defendant Morgan threatened lending institutions, suppliers, vendors, and customers of Plaintiffs, *see* Complaint at ¶ 31(f); (4) Defendant Morgan visited a New York Supreme Court Justice to influence the Justice not to grant Plaintiffs' applications for gun dealer's licenses for their businesses, *see* Complaint at ¶ 31(g); and (5) Defendant Morgan unlawfully monitored Plaintiff

ASSI and unlawfully harassed Plaintiff Barbara Olesen and her business, *see* Complaint at ¶ 45.[5]

These allegations are sufficient to create standing for Plaintiffs Barbara Olesen and ASSI to

assert their Fourth and Fifth Amendment violations and substantive due process claims.

With regard to the First Amendment claim, Plaintiff Barbara Olesen has standing, based

on the right of intimate association, because the complaint alleges retaliation for her son's

speech.[6]  Plaintiff ASSI, however, does not have standing because the complaint does not allege

retaliation for any of Plaintiff ASSI's speech, and Plaintiff ASSI does not have a cognizable right

of association with Plaintiff Brian Olesen.

Finally, Plaintiff GI does not have standing to assert any claims.  The complaint barely

mentions GI, except to state that Plaintiff Brian Olesen owns Plaintiff GI.[7]  Without more

information as to how Defendant Morgan's actions affected Plaintiff GI, Plaintiff GI has not pled

an injury-in-fact to itself, except perhaps collateral injuries as a result of those that Plaintiff

---

[5] The complaint alleges interference with customers of B&J Guns, Inc. in 2003 and 2004. *See* Complaint at ¶ 23.  Plaintiff Brian Olesen's partnership did business as B&J Guns, Inc.  *See id.* at ¶ 11.  In October 2003, Plaintiff ASSI began doing business under Plaintiff Barbara Olesen's license and at some point started doing business as B&J Guns.  *See id*. at ¶¶ 6, 29.  It is not clear from the complaint if or when B&J Guns, Inc. stopped doing business and whether paragraph 23 of the complaint refers only to B&J Guns, Inc. or also includes Plaintiff ASSI d/b/a B&J Guns.

[6] Based on the First Amendment right of intimate association, the Second Circuit has allowed a spouse to state a claim for retaliation based on another's speech. *See Adler v. Pataki*, 185 F.3d 35, 44 (2d Cir. 1999) (holding a claim for retaliation for conduct of a "spouse should be analyzed as a claimed violation of a First Amendment right of intimate association") (addressing a § 1983 claim).  Acknowledging that the right to intimate association extends beyond marriage to the parent-child relationship, at least one court has allowed a child to state a claim of retaliation for the actions of a parent-in-law.  *See Moran v. City of New Rochelle*, 346 F. Supp. 2d 507, 512 (S.D.N.Y. 2004) (addressing a § 1983 claim).

[7] The complaint occasionally mentions Plaintiff Brian Olesen's business, but it is not clear whether this refers to Plaintiff GI or another business venture.

Brian Olesen suffered (e.g., injuries stemming from delay of business due to Defendant Morgan

causing delay in Plaintiff Brian Olesen receiving a federal firearms license).  Accordingly, the

Court dismisses Plaintiff GI's claims for lack of standing.


C.      **Statute of Limitations**

Defendant Morgan argues that the statute of limitations bars all of Plaintiffs' claims to the

extent that they base those claims on certain actions that occurred more than three years before

the filing of the complaint.  "The statute of limitations for *Bivens* actions arising in New York is

three years."  *Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999) (citation omitted).  When a

claim accrues is a matter of federal law.  *See Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir.

1994) (citation omitted).  To determine when a claim accrues, a court must determine "when the

plaintiff 'knows or has reason to know' of the harm," focusing on the time of the discriminatory

act and not time of the injury.  *Id*. (citations omitted).  Based solely on the allegations in the

complaint, the Court lacks sufficient information to determine when Plaintiffs were aware that

Defendant Morgan's actions were allegedly in violation of the Constitution; and, therefore, the

Court denies Defendants' motion to dismiss on statute-of-limitations grounds at this time.


D.      **Plaintiffs' *Bivens* cause of action based on First Amendment, Fourth Amendment**
        **and Fifth Amendment procedural due process violations**

As to Plaintiffs' remaining *Bivens* claims, Defendants argue that Plaintiffs either fail to

state constitutional violations and/or that these constitutional violations are not properly the

subject of a *Bivens* action.  Moreover, Defendant Morgan asserts that he is entitled to qualified

immunity.

It is well-established that all of Plaintiffs' alleged constitutional violations are proper in a

*Bivens* action. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006) (First Amendment retaliation)

("Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit

exercise of the protected right, . . . and the law is settled that as a general matter the First

Amendment prohibits government officials from subjecting an individual to retaliatory actions,

including criminal prosecutions, for speaking out . . . . When the vengeful officer is federal, he is

subject to an action for damages on the authority of *Bivens*." (internal citations omitted)); *see*

*also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396

(1971) (Fourth Amendment); *United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) (Fourth

Amendment); *Tellier v. Fields*, 280 F.3d 69, 76 (2d Cir. 2000) (Fifth Amendment).  Accordingly,

Plaintiffs may assert these constitutional violations in this *Bivens* action; and the Court will

address whether Plaintiffs have stated a claim for each alleged violation.


### 1.  Plaintiffs Brian Olesen and Barbara Olesen's First Amendment retaliation claim

"To establish a *prima facie* case of First Amendment retaliation, a plaintiff must establish

'(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action

against the plaintiff, and (3) that there was a causal connection between the protected speech and

the adverse action.'"  *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) (quotation omitted).

"[C]riticism of governmental agencies is protected speech under the First Amendment."

*Economou v. Butz*, 466 F. Supp. 1351, 1361 (S.D.N.Y. 1979) (footnote omitted).

Plaintiff Brian Olesen has alleged two instances of speech for which he claims Defendant

Morgan retaliated against him: (1) his reporting of Mr. Frampton's firearms violations to

Defendant ATF and (2) his questioning or protesting the way Defendant Morgan (and Defendant ATF) was handling the investigation of Frampton. *See* Complaint at ¶ 44. The complaint contains little to no detail about the content and circumstances of these communications. Although such complaints may be protected speech because they represent criticism of a governmental agency, it is not clear from the pleadings whether circumstances permit such a finding. Finally, Plaintiff Brian Olesen has sufficiently alleged that Defendant Morgan took adverse actions against him, including the following: acting to deny him a federal firearms license and state gun dealer license; providing false information *ex parte* to a New York Supreme Court Justice and initiating frivolous criminal investigations of him; conducting surveillance of him; threatening his customers, suppliers, and lenders; providing false information to the U.S. Attorney's office to proceed with criminal investigations; fabricating firearms violations; and coercing him to consent to the sale of B&J Guns, Inc.'s assets at auction.

Plaintiff Barbara Olesen has alleged that Defendant Morgan carried out similar threats and investigations against her and her business in retaliation for her son Plaintiff Brian Olesen's speech. As noted above, under the right of intimate association, Plaintiff Barbara Olesen has standing to assert a First Amendment retaliation claim based on such conduct. Accordingly, the Court finds that Plaintiffs Brian Olesen and Barbara Olesen have sufficiently stated a claim, subject to the statute of limitations, for First Amendment retaliation to survive Defendants' motion to dismiss.

### 2. *Plaintiffs Brian Olesen, Barbara Olesen and ASSI's Fourth Amendment claim*

Where a complaint fails "to allege what property was allegedly searched, whether there

was consent for the search, whether there was a warrant issued for the search, and whether

plaintiffs had reasonable expectation of privacy relating to the property searched," the court

should dismiss a Fourth Amendment claim on the ground that the plaintiff has set forth no facts

to support a civil rights violation. *Deal v. Seneca County*, No. 07-CV-6497, 2008 WL 2020004,

*7 (W.D.N.Y. May 8, 2008) (citations omitted).

> With regard to their Fourth Amendment claim, Plaintiffs allege that
>
>> defendant John Morgan violated plaintiffs' Fourth and Fourteenth
>> Amendment Rights by causing ATF agents who worked under his
>> supervision to unlawfully monitor [Plaintiff Brian Olesen] and
>> [Plaintiff ASSI], misinformed ATF agents under his supervision
>> that [Plaintiff Brian Olesen] had threatened their lives, causing
>> them to further unlawfully harass [Plaintiffs Brian Olesen],
>> Barbara Olesen and their respective businesses.

*See* Complaint at ¶ 45.

Furthermore, although the complaint refers to one "unconstitutional search," it does not

allege any facts regarding that search. Rather, Plaintiffs allege that Defendant Morgan

threatened to arrest Plaintiff Brian Olesen for possession of an illegal firearm, which Defendant

Morgan constructed from legally possessed parts. *See id*. at ¶ 24. The only other allegations

about searches mention telephone-call and conversation monitoring and surveillance of Plaintiff

Brian Olesen at his business and residence. *See id*. at ¶¶ 31(a), 31(b). Although the complaint

also mentions a threat of an "illegal seizure" by Defendant Morgan, *see id*. at ¶ 22, it fails to

provide any detail as to why the seizure would have been illegal or that such seizure occurred.

Finally, the complaint does not appear to allege any seizure of any of the Plaintiffs' persons.

Accordingly, the Court finds that the allegations in the complaint are too conclusory to state a Fourth Amendment claim.[8]

### 3.  Plaintiffs Brian Olesen, Barbara Olesen and ASSI's Fifth Amendment procedural due process claim

"[T]o sustain an action for deprivation of property without due process of law, a plaintiff must 'first identify a property right, second show that the [government] has deprived him of *that* right, and third show that the deprivation was effected without due process.'" *Local 342, Long Island Pub. Serv. Employees v. Town Bd. of Town of Huntington*, 31 F.3d 1191, 1194 (2d Cir. 1994) (quotation omitted).  The threshold inquiry is whether the plaintiff was entitled to the property and whether the plaintiff had more than a unilateral expectation of the right.  *See id.*

Plaintiffs allege deprivations of the following property rights: (1) federal firearms licenses for Plaintiffs Brian Olesen and Barbara Olesen and (2) guns and inventory belonging to Plaintiffs Brian Olesen, Barbara Olesen and ASSI.  *See* Complaint at ¶ 46.  Plaintiffs also allege violations of their liberty interests.[9]  *See id.* at ¶ 43.

_____

[8] Defendants also challenge Plaintiff's Fourth Amendment claim against Defendant Morgan for failure to demonstrate personal involvement in the violation.  *See Black v. Coughlin*, 76 F.3d 72, 74-75 (2d Cir. 1996).  The Court notes that the complaint's allegations are too conclusory to establish personal involvement, and the Court could dismiss the Fourth Amendment claim on this ground as well.

[9] A liberty interest exists where government conduct adversely affects "'a person's good name, reputation, honor, or integrity,'" and the government must provide a person due process to refute such charges.  *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972) (quotation omitted) (finding no interest where failure to re-employ did not impose a stigma or foreclose the freedom to pursue other employment).  The complaint merely mentions "liberty" once.  *See* Complaint ¶ 43.  The complaint contains no allegations as to the specific nature of that liberty interest or how Defendant Morgan denied Plaintiffs of their liberty interest.  Therefore,
(continued...)

Neither Plaintiff Brian Olesen nor Plaintiff Barbara Olesen states a claim for procedural due process related to their federal firearms licenses because they both hold and, therefore, have not been deprived of, federal firearm licenses. *See id.* at ¶¶ 5-6. Further, although Plaintiff Brian Olesen did not receive a license on his application to obtain a federal firearms license that was pending from February 2003 to June 2003, Plaintiff Brian Olesen withdrew his application before he was denied a federal firearms license. *See* Complaint at ¶¶ 25-27. A plaintiff may not cut short his claim to a property interest and deny the government the chance to provide adequate process. *See Finley v. Giacobbe*, 79 F.3d 1285, 1298 (2d Cir. 1996).

With regard to the claim that Plaintiffs were deprived of their right to property in guns and inventory, the complaint fails to allege that any of the Plaintiffs were entitled to guns and inventory, of which guns and inventory they were deprived, and how Defendant Morgan deprived them of those items, or to what process Plaintiffs claim they were entitled. Accordingly, the Court finds that Plaintiffs have not stated a property interest in the guns and inventory sufficient to support a procedural due process claim.

**E.    Plaintiffs Brian Olesen, Barbara Olesen and ASSI's substantive due process cause of action**

Plaintiffs Brian Olesen, Barbara Olesen, and ASSI assert a substantive due process claim against Defendant Morgan. A substantive due process claim "ordinarily requires evidence of conduct that 'can properly be characterized as arbitrary, or conscience-shocking, in a

---

[9](...continued)
the Court finds that Plaintiffs have not stated a Fifth Amendment procedural due process claim based on a liberty interest.

constitutional sense.'" *Interport Pilots Agency, Inc.v . Sammis*, 14 F.3d 133, 144 (2d Cir. 1994)

(quotation and other citations omitted) (finding overzealous and erroneous government action

taken under advice of counsel was not arbitrary or irrational).  The Second Circuit has

acknowledged that a "true pattern of harassment by government officials" might state a claim for

violation of due process of law.  *Chalfy v. Turoff*, 804 F.2d 20, 23 (2d Cir. 1986) (finding actions

that were not illegal and did not place a discriminatory burden on plaintiffs insufficient to state a

substantive due process claim under § 1983) (citing *e.g. Espanola Way Corp. v. Meyerson*, 690

F.2d 827, 829 (11th Cir. 1982), *cert. denied,* 460 U.S. 1039, 103 S. Ct. 1431, 75 L. Ed. 2d 791

(1983)).  However, "[w]here a particular Amendment 'provides an explicit textual source of

constitutional protection' against a particular sort of government behavior, 'that Amendment, not

the more generalized notion of "substantive due process," must be the guide for analyzing those

claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S.

[386], 395, 109 S. Ct., at 1871 [(1989)]).

      In this case, the alleged conduct does not "shock the conscience" and particular

Amendments that the Court has already addressed provide explicit protection against the alleged

behavior.[10]  *See Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005) (dismissing plaintiff's substantive

due process claim because the alleged shocking conduct, if proven, would constitute violations

of plaintiff's First Amendment rights, procedural due process rights, and abandoned equal

---

[10] Plaintiffs' complaint does not specifically mention equal protection except to the extent
it alleges a Fifth Amendment due process violation, which incorporates equal protection.
Plaintiffs mention equal protection in their memorandum of law as an asserted constitutional
violation but do not present any analysis of the claim.  Defendants likewise only state in passing
that the complaint does not state an equal protection violation.  The Court finds that Plaintiffs did
not attempt to assert an equal protection claim in their complaint.

protection rights).  Accordingly, the Court concludes that Plaintiffs have failed to state a

substantive due process claim for which the Court may grant relief.


### F.      Qualified immunity

Defendant Morgan argues that he is entitled to qualified immunity because no reasonable

jury would find his actions objectively unreasonable in light of clearly established law.  To

determine whether a defendant is entitled to qualified immunity, a court first must consider

whether the alleged facts show a violation of a constitutional right and second must determine

whether that right was clearly established in the specific context.  *See Deal*, 2008 WL 2020004,

at *7 (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001))

(other citations omitted).  A plaintiff may show a right was clearly established by identifying

analogous case law or showing that the conduct was "'so egregious' that no reasonable person

could have 'believed that it would not violate clearly established rights.'" *Id*. (citations and

quotations omitted).  The Court finds that it is premature to determine the issue of qualified

immunity based only on the factual allegations in the complaint.  *See, e.g., id*., at *8.  Therefore,

the Court denies Defendant Morgan's motion to dismiss Plaintiffs' claims based on qualified

immunity at this time.


### G.      Plaintiffs' cross-motion for leave to amend

Plaintiffs request leave to amend if the Court deems that they have insufficiently pled any

claim.  A court should freely grant leave to amend a pleading when justice so requires.  *See* Fed.

R. Civ. P. 15(a)(2).  A court should obey Rule 15's direction "absent evidence of undue delay,

bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility. . . ." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman* [*v. Davis,*] 371 U.S. [178,] 182, 83 S. Ct. 227 [(1962)]).

The Court grants Plaintiffs Brian Olesen, Barbara Olesen and ASSI leave to amend their Fourth Amendment claim and Fifth Amendment procedural due process claim in accordance with this Memorandum-Decision and Order.  The Court, however, denies Plaintiffs Brian Olesen, Barbara Olesen and ASSI's request to amend their Fifth Amendment substantive due process claim as futile.  The Court instructs Plaintiffs Brian Olesen, Barbara Olesen and ASSI that they must file their amended complaint within thirty (30) days of the date of this Order. Moreover, in their amended complaint, they must provide the Court with sufficient allegations to survive a motion to dismiss on statute-of-limitations grounds and must make clear which of them are alleging which constitutional violations and which allegations support each of these alleged constitutional violations.  Finally, the Court grants Plaintiff GI leave, in the amended complaint, to attempt to demonstrate that it has standing to pursue a Fourth Amendment claim and/or a Fifth Amendment procedural due process claim.[11]

### IV.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

---

[11] For the reasons stated in this Memorandum-Decision and Order, it would be futile for Plaintiff GI to amend to assert a First Amendment retaliation claim or a Fifth Amendment substantive due process claim.

**ORDERS** that Defendant Morgan's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**; and the Court further

**ORDERS** that Plaintiffs' Third, Fourth, Fifth, and Sixth causes of action are **DISMISSED** with prejudice; and the Court further

**ORDERS** that Defendant ATF is **DISMISSED** as there are no longer any claims pending against Defendant ATF; and the Court further

**ORDERS** that all claims against Defendant Morgan in his official capacity are **DISMISSED**; and the Court further

**ORDERS** that Plaintiff GI's claims are **DISMISSED** without prejudice for lack of standing and with leave to amend to attempt to establish standing to bring a Fourth Amendment claim and a Fifth Amendment procedural due process claim; and the Court further

**ORDERS** that all claims brought solely under the Fourteenth Amendment are **DISMISSED**; and the Court further

**ORDERS** that Plaintiff ASSI's claim for First Amendment retaliation is **DISMISSED** with prejudice for lack of standing; and the Court further

**ORDERS** that  Plaintiffs Brian Olesen, Barbara Olesen and ASSI's substantive due process claim is **DISMISSED** with prejudice; and the Court further

**ORDERS** that Plaintiffs Brian Olesen, Barbara Olesen and ASSI's procedural due process claim is **DISMISSED** without prejudice and with leave to amend; and the Court further

**ORDERS** that  Plaintiffs Brian Olesen, Barbara Olesen and ASSI's Fourth Amendment claim is **DISMISSED** without prejudice and with leave to amend; and the Court further

**ORDERS** that Defendants' motion to dismiss is otherwise **DENIED**; and the Court

-16-

further

      **ORDERS** that Plaintiffs' cross-motion to amend the complaint is **GRANTED** insofar as it relates to Plaintiff GI's standing, the potential application of the statute of limitations, Plaintiffs Brian Olesen, Barbara Olesen and ASSI's Fourth Amendment claim and Fifth Amendment procedural due process claim and is **DENIED** in all other respects; and the Court further

      **ORDERS** that Plaintiffs shall file and serve their amended complaint **within thirty (30) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated:  December 8, 2008
       Syracuse, New York

                                   Frederick J. Scullin, Jr.
                                   Senior United States District Court Judge