```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LOUIS BRIAN OLESEN, II,
BARBARA OLESEN,
AMERICAN SHOOTERS SUPPLY, INC.,

                    Plaintiffs,

                                              06-CV-0959FJS/DRH
        v.

JOHN MORGAN, Special Agent of
the Federal Bureau of Alcohol,
Tobacco and Firearms,

                    Defendant.
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

```
                              KATHLEEN M. MEHLTRETTER
                              Acting United States Attorney
                              Western District of New York


MARY E. FLEMING
Special Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
Attorney for Defendant
Bar Roll No. 514110
```

# **TABLE OF CONTENTS**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . i

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . 2

III. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . 3

IV.  SUMMARY OF ARGUMENT  . . . . . . . . . . . . . . . . . . . . 5

V.   LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 6

     POINT 1 - PLAINTIFFS' AMENDED COMPLAINT MUST BE   DISMISSED
     BECAUSE SOVEREIGN IMMUNITY BARS THIS BIVENS ACTION AGAINST
     MORGAN IN HIS OFFICIAL CAPACITY  . . . . . . . . . . . . . 6

     POINT 2 - THE COURT SHOULD DENY FURTHER LEAVE TO AMEND . . 7

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

### FEDERAL CASES

Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Arizona v. Hicks, 480 U.S. 321 (1987) . . . . . . . . . . . . . 10

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) . . . . . 10

Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 12

Deronette v. City of New York, 2007 WL 951925 at *2 (E.D.N.Y. Mar. 27, 2007) . . . . . . . . . . . . . . . . . . . . 10

Donovan v. Am. Skandia Life Assur. Corp., 217 F.R.D. 325 . . 14

Dotson v. Griesa, 398 F.3d 156 (2d Cir. 2005) . . . . . . . . . 6

Emergent Capital Inv. Management, LLC v. Stonepath Group, Inc., 195 F. Supp. 2d 551 . . . . . . . . . . . . . . . . . . . . . . 13

Foman v. Davis, 371 U.S. 178 (1962) . . . . . . . . . . . . 12, 13

Griggs v. Pace Am. Group, Inc., 170 F.3d 877 (9th Cir. 1999)  13

Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119 (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 13

Health-Chem Corp. v. Baker, 915 F.2d 805 (2d Cir. 1990) . . . 13

In re Merrill Lynch & Co., 272 F. Supp. 2d 243 . . . . . . . 14

Kyllo v. United States, 533 U.S. 27 (2001) . . . . . . . . . . 10

Lucente v. IBM, 310 F.3d 243 (2d Cir. 2002) . . . . . . . . . 13

Manos v. Geissler, 377 F. Supp.2d 422 . . . . . . . . . . . . 10

Palmieri v. Lynch, 392 F.3d 73 (2d Cir. 2004) . . . . . . . . 10

Papasan v. Allain, 478 U.S. 265 (1986) . . . . . . . . . . . . 9

Patane v. Clark, 508 F.3d 106 (2d Cir. 2007) . . . . . . . . 13

Pinaud v. County of Suffolk, 52 F.3d 1139 (2d Cir. 1995) . . 11

Popovic v. United States, 997 F. Supp. 672 (D. Md. 1998) . . 10

Robinson v. Overseas Military Sales Corp., 21 F.3d 502
(2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . 6

Ruffolo v. Oppenheimer & Co., 987 F.2d 129 (2d Cir. 1993) . . 13

Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,
40 F.3d 247 (CA7 1994) . . . . . . . . . . . . . . . . . . . 9

Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236
(2d. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . 9

Spencer v. Connecticut, 560 F. Supp. 2d 153 (D. Conn. 2008) . 12

Tapia-Ortiz v. Doe, 171 F.3d 150 (2d Cir. 1999) . . . . . . . 11

United States v. Harvey, 991 F.2d 981 (2d Cir. 1993) . . . . 10

United States v. Ruisi, 460 F.2d 153 (2d Cir. 1972) . . . . . 8

Wallace v. Kato, 549 U.S. 384 (2007) . . . . . . . . . . . . 12

**FEDERAL RULES**

Fed.R.Civ.P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . 10

Fed.R.Civ.P. 12(b)(1) . . . . . . . . . . . . . . . . . . 2, 15

Fed.R.Civ.P. 12(b)(6) . . . . . . . . . . . . . . . . 2, 5, 9, 15

Fed.R.Civ.P. 15(a) . . . . . . . . . . . . . . . . . . . . . 12

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LOUIS BRIAN OLESEN, II,
BARBARA OLESEN,
AMERICAN SHOOTERS SUPPLY, INC.,

                Plaintiffs,

                                        06-CV-0959FJS/DRH
        v.

JOHN MORGAN, Special Agent of
the Federal Bureau of Alcohol,
Tobacco and Firearms,

                Defendant.
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

### I. INTRODUCTION

Defendant, John Morgan, Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, by and through his attorney, Kathleen M. Mehltretter, Acting United States Attorney, for the Western District of New York, Mary E. Fleming, Special Assistant United States Attorney, of counsel, submits the following Memorandum of Law in Support of the Defendant's Motion to Dismiss Plaintiffs' Amended Complaint in its entirety, pursuant to Fed.R.Civ.P. Rule 12(b)(1) or, in the alternative, pursuant to Rule 12(b)(6).

1

## II. **PROCEDURAL HISTORY**

On August 8, 2006, plaintiffs filed a Complaint against the defendant, John Morgan ("Morgan") and the Federal Bureau of Alcohol, Tobacco and Firearms ("ATF"), asserting Bivens claims pursuant to the First, Fourth and Fifth Amendments and tort claims pursuant to the Federal Tort Claims Act ("FTCA"). [Docket No. 1].

On December 15, 2006, defendants filed a Motion to Dismiss Plaintiffs' Complaint. [Docket No. 9]. On February 23, 2007, plaintiffs filed a Cross-Motion to Amend their Complaint and Opposition to the Defendants' Motion to Dismiss. [Docket No. 16]. In plaintiffs' opposition, they voluntarily dismissed their FTCA causes of action. Id.

On December 8, 2008, this Court issued a Memorandum Decision and Order granting in part and denying in part Defendants' Motion to Dismiss and granting plaintiffs leave to amend their Complaint to assert a Fourth Amendment and Fifth Amendment procedural due process claim. [Docket No. 20].

On January 20, 2009, plaintiffs filed their Amended

Complaint ("AC") asserting three causes of action:  a First Amendment retaliation claim, a Fourth Amendment claim and a Fifth Amendment procedural due process claim.  [Docket No. 22].

### III. STATEMENT OF FACTS

At all times relevant to the actions alleged in Plaintiffs' Amended Complaint, John Morgan was employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in Albany, New York.  He also served as the Resident Agent in Charge ("RAC") of the Albany Field Office, Albany, New York.  AC, ¶¶ 9, 13.

Brian Olesen ("Olesen") is currently a federal firearms licensee doing business as Guns, Inc. in Rensselaer, New York and is an employee of American Shooters Supply, Inc. ("ASSI") in Albany, New York.  AC, ¶ 5.  Barbara Jean Olesen, Olesen's mother, is a federal firearms licensee doing business as American Shooters Supply, Inc..  AC, ¶ 6.

This action arises out of the criminal investigation of Olesen and a former business partner, and specifically Morgan's oversight of the investigation as supervisor of the ATF Albany Field Office.  AC, ¶¶ 11-13.  ATF initiated its first criminal

3

investigation when Olesen and his business partner became involved in a personal dispute in which both individuals alleged to ATF agents that the other had committed federal criminal and regulatory violations relating to the operation of their retail firearms shop.  AC, ¶ 14.  The investigation was accompanied by a full inventory of the shop undertaken by the ATF Industry Operations in Albany.  As a result of the personal dispute, and following the criminal investigation, the business was dissolved, and the firearms inventory liquidated.  AC, ¶¶ 21-22.

The ATF Albany Field Office initiated a second criminal investigation of Olesen when Olesen's mother applied for and received a federal firearms license shortly after Olesen withdrew his own application.  AC, ¶ 30.  The investigation did not result in a prosecution, and Olesen was later issued his own federal firearms license.  AC, ¶¶ 37-38.

In the Amended Complaint Plaintiffs allege that Morgan retaliated against Olesen in violation of the First Amendment for reporting his former partner's firearms violations to ATF and for questioning the manner in which ATF and Morgan were handling the investigation.  Plaintiffs also allege that Morgan violated the Fourth Amendment by conducting illegal searches and seizures of their business and property.  Finally, plaintiffs allege that

Morgan violated their due process rights pursuant to the Fifth Amendment by depriving them of their property interests in guns and inventory and by delaying the approval of Olesen's federal firearms license.

## IV. SUMMARY OF ARGUMENT

Plaintiffs' Amended Complaint must be dismissed because plaintiffs assert their claims against defendant Morgan in his official capacity, not his individual capacity.  A claim against a federal law enforcement officer in his official capacity is a claim against the United States.  The United States has not waived sovereign immunity for such a claim.  Accordingly, this Court lacks subject matter jurisdiction over the Amended Complaint.

Moreover, because plaintiffs failed to follow the Court's conditional approval to file an Amended Complaint and the Amended Complaint fails to state a claim pursuant to the First, Fourth, or Fifth Amendments, future amendments would be futile. Therefore, in the alternative, this action should be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

## V. LEGAL ARGUMENT

### POINT 1

### PLAINTIFFS' AMENDED COMPLAINT MUST BE DISMISSED BECAUSE SOVEREIGN IMMUNITY BARS THIS BIVENS ACTION AGAINST MORGAN IN HIS OFFICIAL CAPACITY.

An action against a federal law enforcement officer in his or her official capacity constitutes an action against the United States and is barred by sovereign immunity, unless such immunity has been waived. See Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005)("The shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official capacities."); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). The Supreme Court, in Bivens, recognized that officers may be sued in their personal capacities; however, Bivens does not imply a waiver of sovereign immunity with respect to official capacity claims. See Robinson, 21 F.3d at 510.

Nowhere in the Amended Complaint do the plaintiffs allege that Morgan is being sued in his individual capacity, rather than in his official capacity. See generally AC. In Plaintiffs' Amended Complaint, the caption names John Morgan, "Special Agent of the Federal Bureau of Alcohol, Tobacco and Firearms", but does

6

not designate that he is being sued in his individual capacity. The Amended Complaint repeatedly refers to the defendant John Morgan acting in his "official capacity as a Special Agent of the Bureau of Alcohol, Tobacco and Firearms."  See AC, ¶¶ 9, 17-21, 47, 57 and 72.  All three causes of action allege that Morgan was acting in his "official capacity".  See AC, ¶¶ 47, 57 and 72.

In the Court's Memorandum-Decision and Order, the Court granted Morgan's Motion to Dismiss plaintiffs' claims against him to the extent they were asserted against him in his official capacity, yet plaintiffs have failed to correct this pleading defect.  See Memorandum-Decision and Order, p. 4.  Accordingly, the plaintiffs' official capacity claims are barred by sovereign immunity and should be dismissed for lack of subject matter jurisdiction.

**POINT 2**

**THE COURT SHOULD DENY FURTHER LEAVE TO AMEND**.

The Court already has given plaintiffs an opportunity to amend the Original Complaint in order for: (1) Plaintiff Guns, Inc. to establish standing to bring a Fourth Amendment claim and a Fifth Amendment procedural due process claim; (2) for Brian Olesen, Barbara Olesen and ASSI to properly allege their

7

procedural due process claim; and (3) for Brian Olesen, Barbara Olesen and ASSI to properly allege a Fourth Amendment claim.  See Memorandum-Decision and Order, pp. 15, 16.[1]  In particular, the Court specifically directed the plaintiffs to "provide the Court with sufficient allegations to survive a motion to dismiss on statute-of-limitations grounds."  Memorandum-Decision and Order, p. 15.  This, plaintiffs have not done.[2]

The factual allegations in the Amended Complaint mirrors almost word for word the allegations in the initial Complaint, providing few or no dates of the events in question, and therefore providing little basis in asserting a statute of

---

[1] Though the Court found that plaintiffs Brian Olesen and Barbara Olesen sufficiently stated a First Amendment retaliation claim to survive Defendant's motion to dismiss, the Court's finding was conditional and "subject to the statute of limitations."  See Memorandum-Decision and Order, p. 9.

[2] The Court also ordered plaintiffs to "make clear which of them are alleging which constitutional violations and which allegations support each of these alleged constitutional violations."  Memorandum-Decision and Order, p. 15.  While the Amended Complaint has been expanded to include three causes of action (from the initial two), and re-alleged the exact same facts from the body of the complaint into each cause of action, there is little or no support as to how or why a particular allegation impacted a particular plaintiff.  For example, the Amended Complaint continues to include ASSI for a First Amendment violation based on Brian Olesen's alleged speech, rather than based on any speech made by ASSI. See AC, ¶ 51, and Memorandum-Decision and Order, p. 6. As an example of plaintiffs' deficient pleading on standing for their Fifth Amendment claim, plaintiffs allege they were forced to sell firearms at auction in 2003, and yet all but admit that they had no unencumbered right to the firearms inventory at the time the auctioneer took possession in that Brian Olesen was not licensed as a dealer (was a partner with James Frampton who held a license), Barbara Olesen was not licensed until October 2003, and ASSI was not licensed (and perhaps not even incorporated at time of auction) until October 2003.  See AC, ¶¶ 11, 29, 30.  It has long been held that doing business as a firearms dealer without a license is unlawful.  See United States v. Ruisi, 460 F.2d 153, 156 (2d Cir. 1972) ("Congress did not make ignorance of the law a defense in a prosecution for unlicensed dealing in firearms.").

limitations argument. Compare AC, ¶¶ 11-38, with Complaint, ¶¶ 11-38. While plaintiffs have added a section entitled "Factual Assertions Regarding Statute of Limitations," see AC, ¶¶ 39-45, it provides only the bald faced and conclusory allegation that "Mr. Olesen was not aware of the extent of the unlawful and unconstitutional acts until approximately October 2005." AC, ¶ 41 (emphasis added). Barbara Olesen alleges only that she learned (from unnamed "individuals") that this was a "vendetta case" in October 2005, and ASSI and GI fail to allege at all when the corporations knew that any of their rights had been violated. AC, ¶ 42.

"However, '[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss.'" Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006), quoting Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d. Cir. 2002).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

9

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "Even under the lenient pleading requirement of Rule 8(a)(2), conclusory allegations are insufficient to withstand a motion to dismiss." Deronette v. City of New York, 2007 WL 951925 at *2 (E.D.N.Y. Mar. 27, 2007), citing Manos v. Geissler, 377 F. Supp.2d 422, 425 (S.D.N.Y. 2005).

Also, the Court found that not only were the allegations in the Complaint "too conclusory to state a Fourth Amendment claim," but that the claim was also "too conclusory to establish personal involvement" by SA Morgan. See Memorandum-Decision and Order, p. 11 and n. 8. However, since the Amended Complaint, as noted above, in essence mirrors the original complaint, it appears plaintiffs have done nothing to correct this defect.[3]

---

[3] Plaintiffs allege they were unlawfully under investigation (AC, ¶¶ 66, 68); however, there is no constitutional right to be free from investigation. United States v. Harvey, 991 F.2d 981, 990 (2d Cir. 1993) ("the Constitution does not require either a reasonable basis or reasonable suspicion of wrongdoing by a suspect before the government can begin an undercover investigation of that person."); Popovic v. United States, 997 F. Supp. 672, 678-679 (D. Md. 1998) (An individual has no constitutional right not to be investigated for suspected violations by agencies authorized to conduct such investigations). Plaintiffs complain they were under "surveillance." AC, ¶¶ 61, 62, 65b. However, "mere[] 'visual observation is no 'search' at all.'" Palmieri v. Lynch, 392 F.3d 73, 81 (2d Cir. 2004), quoting Kyllo v. United States, 533 U.S. 27, 32 (2001), and citing Arizona v. Hicks, 480 U.S. 321, 328 (1987) ("A truly cursory inspection - one that involves merely looking at what is already exposed to view, without disturbing it - is not a 'search' for Fourth Amendment purposes, and therefore does not even require reasonable suspicion"). Though plaintiff Brian Olesen alleges he was "threatened" with arrest (AC, ¶ 64), he does not allege any seizure took place. See Memorandum-Decision and Order, p. 10.

Moreover, a <u>Bivens</u> claim accrues when the plaintiff knows or has reason to know of the injury. <u>Pinaud v. County of Suffolk</u>, 52 F.3d 1139, 1157 (2d Cir. 1995) ("when a plaintiff knows or ought to know of a wrong, the statute of limitations on that claim starts to run, and the later awareness that the actionable wrong was also part of a conspiracy does not expand the statutory time limit."). Plaintiffs certainly were aware at the time, and prior to August 8, 2003, <u>e.g.</u>, when Guns, Inc. was searched (AC, ¶ 24), that Brian Olesen was under investigation by ATF (AC, ¶¶ 19, 24, 25), that an inventory of firearms was transferred to an auctioneer (AC, ¶¶ 21, 29, 31), and when Brian Olesen applied for a federal firearms license and withdrew his application for such license (AC, ¶¶ 27-28).[4]

Significantly, plaintiffs do not deny they were aware of the alleged constitutional violations prior to August 8, 2003, but only that Brian Olesen was not aware of the "<u>extent</u>" of the alleged activity until approximately October 2005.  AC, ¶ 41. This too is insufficient to toll the statute of limitations from running.

---

[4] "The statute of limitations for Bivens actions arising in New York is three years." Memorandum-Decision and Order, p. 7, <u>quoting</u> <u>Tapia-Ortiz v. Doe</u>, 171 F.3d 150, 151 (2d Cir. 1999).

11

> "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. <u>The cause of action accrues even though the full extent of the injury is not then known or predictable</u>." 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnotes omitted); see also 54 C. J. S., Limitations of Actions § 112, p. 150 (2005). Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

<u>Wallace v. Kato</u>, 549 U.S. 384, 391 (emphasis added), <u>reh'g</u> <u>denied</u> 549 U.S. 1362 (2007).  <u>See</u> <u>also</u> <u>Spencer v. Connecticut</u>, 560 F. Supp. 2d 153, 158 (D. Conn. 2008).

Because plaintiffs have failed to allege facts sufficient to support that their claims are not barred by the statute of limitations and have failed to establish that SA Morgan was personally involved, as directed by the Court, the Court should decline to give plaintiffs a third bite at the apple and should deny further leave to amend.

> While Federal Rule of Civil Procedure 15(a) states that leave to amend should be granted "when justice so requires," motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

<u>Burch v. Pioneer Credit Recovery, Inc.</u>, 551 F.3d 122, 126 (2d Cir. 2008)("Because Burch's proffered amendments would not affect the Court's analysis as to whether Pioneer was a 'Government

controlled corporation,' his amendment would be futile."). See also Patane v. Clark, 508 F.3d 106, 113, n.6 (2d Cir. 2007) ("A district court may properly deny a motion to amend when it finds that amendment would be futile."), citing Foman v. Davis, 371 U.S. 178, 182 (1962); Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002) (same), citing Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." ); Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999) (a court's discretion to deny leave to amend is particularly broad when a plaintiff previously has been granted leave to amend).

Ignoring the Court's specific directions, and entirely omitting the dates of events in question, is presumed to be an intentional litigation tactic to prevent the Amended Complaint from being rightfully dismissed. See Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here, as here, there is no merit in the proposed amendments, leave to amend should be denied.") Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119, 124 (E.D.N.Y. 2003) ("A proposed amendment . . . may be considered futile if "(1) the claim it seeks to assert is barred by the applicable statute of limitations . . ."); see also Emergent Capital Inv. Management, LLC v. Stonepath Group, Inc.,

13

195 F. Supp. 2d 551, 563 n.4 (S.D.N.Y. 2002) (where plaintiff was given the opportunity to amend its complaint and submitted substantially the same complaint, the Court found no need to grant subsequent motion to submit yet another nonviable complaint).[5]

Accordingly, based on the above, the Court should deny any further leave to amend based upon plaintiffs' failure to follow the Court's conditional approval to file an Amended Complaint and the failure of the Amended Complaint to state a claim upon which relief can be granted.

## VI.   CONCLUSION

Plaintiffs' Amended Complaint should be dismissed because plaintiffs have asserted claims against defendant Morgan in his

---

[5]   Plaintiff's attempt to shift the focus of her complaint to IPO manipulation will not save it from dismissal. It is a mere restatement of her prior allegations that Merrill Lynch manipulated the price of securities purchased by the Fund, causing the Fund to overpay for such securities. Plaintiff does not plead this scenario, as it relates to the Fund, with the particularity necessary to survive dismissal, nor does it cure the pleading deficiencies found in any of her complaints.

In re Merrill Lynch & Co., 272 F. Supp. 2d 243, 268 (S.D.N.Y. 2003); see also Donovan v. Am. Skandia Life Assur. Corp., 217 F.R.D. 325 (S.D.N.Y. 2003) ("Plaintiffs themselves admit that 'should the motion be granted, any motion to dismiss likely would present precisely the same arguments made in the first motion to dismiss.'" ).

14

official capacity rather than in his individual capacity. Moreover, because plaintiffs failed to follow the Court's conditional approval to file an Amended Complaint and the Amended Complaint fails to state a claim upon which relief may be granted, future amendments would be futile.  Therefore, plaintiffs' Amended Complaint should be dismissed with prejudice pursuant to Fed.R.Civ.P. Rule 12(b)(1) and or, in the alternative, pursuant to Rule 12(b)(6).

    **DATED**:    Buffalo, New York, February 13, 2009.

    Respectfully Submitted,

    KATHLEEN M. MEHLTRETTER
    Acting United States Attorney


    By:  /s/MARY E. FLEMING
    Assistant U.S. Attorney
    United States Attorney's Office
    Western District of New York
    138 Delaware Avenue
    Buffalo, New York 14202
    Bar Roll No. 514110

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

LOUIS BRIAN OLESEN, II,
BARBARA OLESEN,
AMERICAN SHOOTERS SUPPLY, INC.,

        Plaintiffs,

                      06-CV-0959FJS/DRH

    v.

JOHN MORGAN, Special Agent of
the Federal Bureau of Alcohol,
Tobacco and Firearms,

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2009, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT,** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

    William J. Dreyer, Esq.

                                   /s/MARQUITTA R. WHITEHEAD
                                   Legal Assistant