**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LOUIS BRIAN OLESEN, II; BARBARA**
**OLESEN; and AMERICAN SHOOTERS**
**SUPPLY, INC.,**

                                          **Plaintiffs,**

                          v.                                       **1:06-CV-959**
                                                          **(FJS/DRH)**

**JOHN MORGAN, Special Agent of the**
**Federal Bureau of Alcohol, Tobacco, Firearms**
**and Explosives,**

                                          **Defendant.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**DREYER BOYAJIAN LLP**            **WILLIAM J. DREYER, ESQ.**
75 Columbia Street                        **APRIL M. WILSON, ESQ.**
Albany, New York 12210
Attorneys for Plaintiffs

**OFFICE OF THE UNITED STATES**    **MARY E. FLEMING, AUSA**
**ATTORNEY - WESTERN DISTRICT**
**OF NEW YORK**
138 Delaware Avenue
Buffalo, New York 14202
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

    Plaintiffs Brian Olesen, II ("Brian Olesen"), Barbara Olesen, American Shooters Supply,

Inc. ("ASSI") and Guns, Inc.[1] filed this action on August 8, 2006, asserting six causes of action: (1) a *Bivens* claim against Defendant John Morgan ("Morgan"), an agent of Defendant U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), for violations of their First, Fourth, and Fifth Amendment rights; (2) a substantive due process claim against Defendant Morgan; (3) an intentional infliction of emotional distress claim against Defendant Morgan; (4) a tortious interference with business relations claim against Defendant Morgan; (5) a *prima facie* tort claim against Defendant Morgan; and (6) a cause of action for the liability of Defendant ATF.  Plaintiffs voluntarily dismissed the third, fourth, fifth, and sixth causes of actions.

On December 8, 2008, the Court dismissed with prejudice all claims against Defendant ATF, claims against Defendant Morgan in his official capacity, Plaintiff ASSI's First Amendment claim, Plaintiffs' claims brought solely under the Fourteenth Amendment, and Plaintiffs' substantive due process claims.  *See* Memorandum-Decision and Order dated December 8, 2008, at 16.  The Court also dismissed without prejudice Plaintiff Guns Inc.'s claims, Plaintiffs' procedural due process claims, and Plaintiffs' Fourth Amendment claims.  *See id*.

On January 20, 2009, Plaintiffs Brian Olesen, Barbara Olesen, and ASSI amended their complaint and now assert the following claims on behalf of all three Plaintiffs against Defendant Morgan: (1) a *Bivens*[2] claim for retaliation in violation of the First Amendment; (2) a *Bivens* claim for Fourth Amendment violations; and (3) a *Bivens* claim for Fifth Amendment procedural

---

[1] Former Plaintiff Guns, Inc. is not listed as a plaintiff in Plaintiffs' amended complaint.

[2] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

due process violations and an equal protection violation.[3]

Defendant has moved to dismiss the amended complaint on the following grounds: (1) sovereign immunity; (2) statute of limitations; and (3) failure to state certain claims on which relief can be granted.

## II.  BACKGROUND

Plaintiff Brian Olesen is an individual holder of a federal firearms license and an employee of Plaintiff ASSI.  Plaintiff Barbara Olesen is the owner of ASSI and Plaintiff Brian Olesen's mother.

In 2002 and 2003, Plaintiff Brian Olesen and his partner James Frampton did business as B&J Guns, Inc. ("B&J"); Mr. Frampton held the federal firearms license for the business.  In late 2002 to early 2003, Plaintiff Brian Olesen reported to the ATF that Mr. Frampton was committing a number of violations of federal and state laws.  Defendant Morgan was involved in the investigation of the complaints.

## III.  DISCUSSION

**A.   Preliminary matters**

### *1. Standard of review*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.

---

[3] Plaintiffs also included factual allegations concerning the statute of limitations as the Court had directed them to do.  *See* Memorandum-Decision and Order dated December 8, 2008, at 15.

Ct. 1937, 1949 (2009) (quoting [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955, 1167 L. Ed. 2d 929 [(2007)]).  Plausible claims allow the court to draw a reasonable inference of liability for the conduct alleged.  *See id*. (citation omitted).  A court does not accept allegations of legal conclusions as true where they are supported by conclusory allegations.  *See id*. (citation omitted).

### 2. *Claims already addressed*
#### a. *Individual/Official capacity*

Defendant, based on the omission in the caption and throughout Plaintiffs' amended complaint of a statement that they are suing Defendant in his individual capacity, asks this Court to dismiss the amended complaint based on sovereign immunity.  Sovereign immunity bars *Bivens* actions against federal defendants in their official capacities.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (dismissing, for want of subject matter jurisdiction due to sovereign immunity, *Bivens* claims to the extent they constituted claims against the defendants in their official capacities).  The Court previously dismissed all claims against Defendant Morgan in his official capacity.  *See* Memorandum-Decision and Order dated December 8, 2008, at 16.  Further, Plaintiffs asserted, in response to both Defendant's first motion to dismiss and this motion to dismiss, that they are asserting their *Bivens* claims against Defendant Morgan in his individual capacity.  Plaintiffs' amended complaint is silent on whether they are suing Defendant Morgan in his official capacity, individual capacity, or both.

The Court finds, based on its prior Order, Plaintiffs' representation, and the amended complaint's silence on this issue, that Plaintiffs are asserting these claims against Defendant

-4-

Morgan in his individual capacity and that further amendment of the complaint is not necessary for clarification. Accordingly, the Court denies Defendant's motion to dismiss on sovereign immunity grounds.

### b. *Plaintiff ASSI's First Amendment Claim*

Plaintiffs' Amended Complaint appears to assert a First Amendment retaliation claim on behalf of all Plaintiffs, including Plaintiff ASSI. *See* Am. Compl. at ¶¶ 51, 54-55. The Court previously dismissed with prejudice any First Amendment retaliation claims on behalf of Plaintiff ASSI for lack of standing. *See* Memorandum-Decision and Order dated December 8, 2008, at 6, 16. Accordingly, to the extent the Amended Complaint asserts such a claim on behalf of Plaintiff ASSI, the Court dismisses that claim for the reasons stated in its December 8, 2008 Memorandum-Decision and Order.

### B.     Statute of limitations

Defendant asserts that Plaintiffs' allegations with respect to the statute of limitations are conclusory assertions about Plaintiffs' knowledge of the alleged constitutional violations and that such conclusory allegations and legal conclusions cannot defeat a motion to dismiss. Defendant argues that Plaintiffs' allegations that Plaintiff Brian Olesen was not aware of the "extent" of the alleged activity until October of 2005 shows that they do not deny some knowledge.

As the Court previously noted, "[t]he statute of limitations for *Bivens* actions arising in New York is three years." *Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999) (citation omitted). When a claim accrues is a matter of federal law. *See Eagleston v. Guido*, 41 F.3d 865,

871 (2d Cir. 1994) (citation omitted).  To determine when a claim accrues, a court must determine "when the plaintiff 'knows or has reason to know' of the harm," focusing on the time of the discriminatory act and not the time of the injury.  *Id.* (citations omitted).

Plaintiffs allege that, because Defendant's actions were done in secret or beyond their awareness, they were not aware of any unconstitutional behavior "until approximately 2005." *See* Am. Compl. ¶¶ 39-40.  Plaintiffs note that Plaintiff Brian Olesen knew that Defendant intended to prosecute him in the Summer of 2004, but did not know "the extent of the unlawful and unconstitutional acts until approximately 2005." *See id.* ¶ 41.  Similarly, Plaintiff Barbara Olesen alleges she was unaware of Defendant's alleged unlawful activity until October 2005. *See id.* ¶ 42.

The Amended Complaint alleges wrongful conduct on the part of Defendant from early 2003, *see id.* at ¶¶ 12, 15, 18, through 2005, *see id.* at ¶¶ 37-38, 40.  Since Plaintiffs filed this action on August 8, 2006, the statute of limitations would only bar claims based on conduct prior to August 8, 2003.  Accordingly, the Court finds that the Court could not dismiss Plaintiffs' complaint based on the statute of limitations as much of the alleged constitutional activity occurred after August 8, 2003.

With respect to the alleged conduct that occurred prior to August 8, 2003, on a motion to dismiss, the Court is bound to accept Plaintiffs' factual allegations about their knowledge as true. As Defendant points out, a law enforcement investigation is not in and of itself a constitutional violation.  *See* Defendant's Memorandum of Law at 10 n.3.  Accordingly, Plaintiffs' knowledge that they were subject to an ATF investigation is not sufficient to start the statute-of-limitations' clock running.  Although the statute of limitations may remain an issue in this action, Plaintiffs

have sufficiently pled facts regarding the timing of their knowledge of the harm and, thus, the accrual of the cause of action. Accordingly, the Court finds that the Amended Complaint pleads facts sufficient to reflect that Plaintiffs' claims plausibly accrued after August 8, 2003, and, thus, survive Defendant's motion to dismiss on statute-of-limitations grounds.

C.   **Plaintiffs' Fourth Amendment claim**

Where a complaint fails "to allege what property was allegedly searched, whether there was consent for the search, whether there was a warrant issued for the search, and whether plaintiffs had reasonable expectation of privacy relating to the property searched," the court should dismiss a Fourth Amendment claim on the ground that the plaintiff has set forth no facts to support a civil rights violation. *Deal v. Seneca County*, No. 07-CV-6497, 2008 WL 2020004, *7 (W.D.N.Y. May 8, 2008) (citations omitted).

The section of the Amended Complaint that addresses Plaintiffs' Fourth Amendment claim focuses on Defendant's motive and state of mind. *See* Am. Compl. at ¶¶ 58-59. Plaintiffs allege that, by telling lies, Defendant caused other agents to conduct unlawful surveillance of Plaintiffs "with no valid reasonable/probable cause to do so." *See id*. at ¶¶ 61-62. They also allege that Defendant monitored telephone calls in violation of Plaintiff Brian Olesen's Fourth Amendment rights. *See id*. at ¶ 65(a). With respect to search and seizure, Plaintiffs allege that,

> [o]n another occasion, defendant John Morgan conducted an unconstitutional search . . . without consent of the Plaintiffs, without probably [sic] cause entered the store without a warrant, searched the inventory, took two gun parts and assembled them to create an unlawful firearm . . . . [and] thereafter, knowing that the parts were legally possessed, unlawfully and without reasonable or probable cause threatened plaintiff Brian Olesen with arrest for possessing an unregistered Title II Firearm . . . .

*See id*. at ¶¶ 63-64.  Finally, Plaintiffs allege that Defendant caused subpoenas to be issued to harass Plaintiffs and provided false information to the U.S. Attorney's office to proceed with criminal investigations based on his personal vendetta.  *See id*. at ¶¶ 65(c), 66.

"[A] Fourth Amendment claim must be based on a showing that the search in question was objectively unreasonable" and "motive is irrelevant."  *Blue v. Koren*, 72 F.3d 1075, 1081 (2d Cir. 1995) (citing *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989)) (finding that a claim of illegal searches for retaliatory motives and with intent to punish does not render a search unreasonable or create an expectation of privacy where none exists and noting that such a claim is better brought under the due process/First Amendment retaliation analytical framework).

Plaintiffs' Fourth Amendment allegations are, in essence, claims about Defendant's motive and intent behind the alleged surveillance, telephone monitoring, and searches.  Plaintiffs do not have a constitutional right to be free from investigation.  *See United States v. Harvey*, 991 F.2d 981, 990 (2d Cir. 1993) (holding that the Constitution does not require a reasonable basis or reasonable suspicion of wrongdoing for the government to start an undercover investigation (citations omitted)).  Further, mere visual observation is not a search.  *See Palmieri v. Lynch*, 392 F.3d 73, 81 (2d Cir. 2004) (quotation omitted).  Plaintiffs' allegations regarding the search appear to amount to only a visual inspection of Plaintiff Brian Olesen's store's inventory.  Plaintiffs' remaining allegations describe a law enforcement investigation and Defendant's alleged motive and intent behind the investigation.  The Court finds that Plaintiffs' conclusory statements that this conduct was unconstitutional and unlawful are insufficient to state a claim.  *See Deal*, 2008 WL 2020004, at *7.  Accordingly, the Court grants Defendant's motion to dismiss this claim and

finds that Plaintiffs have failed to plead a Fourth Amendment violation and that their complaints regarding Defendant's motives are better addressed with their other causes of action.

**D.     Plaintiffs' Fifth Amendment claims**

   *1. Procedural due process*

      *a. Property interests*

"[T]o sustain an action for deprivation of property without due process of law, a plaintiff must 'first identify a property right, second show that the [government] has deprived him of *that* right, and third show that the deprivation was effected without due process.'" *Local 342, Long Island Pub. Serv. Employees v. Town Bd. of Town of Huntington*, 31 F.3d 1191, 1194 (2d Cir. 1994) (quotation omitted). The threshold inquiry is whether the plaintiff was entitled to the property and whether the plaintiff had more than a unilateral expectation of the right. *See id.*

Plaintiffs allege that Defendant deprived them of their property interest in the guns and inventory that Defendant seized and forced them to sell at auction instead of transferring the inventory to Plaintiff ASSI for sale at retail rates. *See* Am. Compl. at ¶ 76. Plaintiffs' amended complaint still does not cure the defects that the Court noted in the original complaint, i.e., entitlement to the inventory, exactly what inventory was seized, and what process Defendant should have provided. *See* Memorandum-Decision and Order dated December 8, 2008, at 12. Although Plaintiffs have apparently clarified that their alleged property interest is the difference in value between a retail sale price and the auction sale price and that the inventory belonged to all three of them, Plaintiffs still have not alleged what process they were due, that they were entitled to retain the inventory, or that the sale was procedurally improper beyond Defendant's

alleged retaliatory motive.

Procedural due process requires that the government follow certain procedures before or after taking life, liberty, or property. *See McClary v. O'Hare*, 786 F.2d 83, 87 (2d Cir. 1986). Accordingly, procedural due process is not implicated where a complaint fails to allege that the government did not follow certain procedures. *See id.* (finding that the plaintiff failed to state a claim where complaint alleged defendant caused her husband's death but "not that in doing so they failed somehow to apply the proper procedures"). Similarly, in this case, Plaintiffs have not alleged that Defendant failed to apply proper procedures, or even acted wrongfully, in forcing an auction of the inventory. Accordingly, the Court finds that the Amended Complaint fails to state a procedural due process claim based on the alleged deprivation of guns and inventory.

Second, Plaintiffs claim a procedural due process violation based on a property interest in federal firearms licenses and in the delay in obtaining such federal firearms licenses. *See* Am. Compl. ¶ 76. This Court previously found that Plaintiffs' ownership of federal firearms licenses precludes them from bringing a claim for deprivation of those licenses. *See* Memorandum-Decision and Order dated December 8, 2008, at 12. Plaintiffs have presented nothing to warrant changing that decision.

With respect to delay, Plaintiffs argue that 27 C.F.R. § 478.47 requires action on a federal firearms license application within sixty days. *See* Plaintiff's Surreply at 6-7. However, the regulations clearly provide for an applicant to file a writ of mandamus, pursuant to 28 U.S.C. § 1361, to compel action on an application when the ATF fails to act within the sixty-day period. *See* 27 C.F.R. § 478.47(d). To the extent that delay on a license application constitutes a deprivation, Plaintiffs do not allege that they were denied the post-deprivation process that the

-10-

regulations provide.[4]  Accordingly, the Court finds that the Amended Complaint fails to state a procedural due process claim based on the alleged deprivations with respect to Plaintiffs' federal firearms licenses and applications.

Finally, Plaintiffs claim a property interest in the right to conduct their business free from harassment.  *See* Am. Compl. at ¶ 76.  Although a taking of business assets is unquestionably a deprivation of property, the activity of doing business is not a property interest in the ordinary sense.  *See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999); *see also Tuchman v. Conn.*, 185 F. Supp. 2d 169, 174 (D. Conn. 2002) (applying *College Savs. Bank* and finding that conduct that only affects the ability to conduct business and not specific business assets "does not implicate a property interest for the procedural due process claim" (footnote omitted)).  Plaintiffs' allegations, beyond those already discussed, do not allege the taking of any business asset and merely allege impacts on Plaintiffs' ability to do business.  Accordingly, the Court finds that Plaintiffs have failed to allege a procedural due process claim based on the deprivation of a property interest.

### b. Liberty interests

A liberty interest exists where government conduct adversely affects "'a person's good name, reputation, honor, or integrity,'" and the government must provide a person due process to refute such charges.  *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 (1972)

---

[4] Plaintiffs do allege that the delay denied them "the opportunity to appeal though the proper procedural channels."  *See* Am. Compl. at ¶ 77.  As noted, Plaintiffs could have forced action through a writ of mandamus and apparently failed to avail themselves of the provided procedural remedy.

(quotation omitted) (finding no interest where failure to re-employ did not impose a stigma or foreclose the freedom to pursue other employment).

In response to this Court's finding that their original complaint lacked any allegations regarding a liberty interest beyond the use of the word "liberty," Plaintiffs have now alleged deprivation of that liberty interest by Defendant's actions in telling a State Supreme Court Justice of an imminent arrest of Plaintiff Brian Olesen and telling a variety of business associates of Plaintiffs not to do business with Plaintiffs.

To assert a claim for a procedural due process deprivation of a liberty interest, courts require a plaintiff to plead a "stigma plus" claim to establish a constitutional deprivation, i.e., a plaintiff must allege injury to his good name, reputation, honor, or integrity (the stigma) and "some more tangible interests such as employment" or a property right (the plus). *Neu v. Corcoran*, 869 F.2d 662, 667 (2d Cir. 1989) (citations omitted); *see also DeBlasio v. Novello*, 334 F.3d 292, 302 (2d Cir. 2003).  Although loss of government employment satisfies the "plus" requirement, the Second Circuit has noted that, outside that context, "'it is not entirely clear what the "plus" is.'" *DeBlasio*, 334 F.3d at 302 (quoting *Neu*, 869 F.2d at 667).  Here, the Court need not attempt to define what such "plus" may be because Plaintiffs have failed to allege injury to any "more tangible interest."  None of Plaintiffs' alleged property interests qualify as constitutionally protected interests.  Further, although the Amended Complaint alleges attacks on Plaintiffs' reputation to a number of sources, including threats "not to do business with Plaintiffs," *see* Am. Compl. at ¶ 79, Plaintiffs fail to allege any injury to a tangible interest. Accordingly, the Court finds that Plaintiffs have failed to state a claim for a procedural due process violation based on their alleged liberty interest in their reputation.

### *2. Equal protection*

Plaintiffs' class-of-one equal protection claim is governed by *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). *See DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003). "[A] successful equal protection claim may be 'brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* (quoting [*Olech*, 528 U.S.] at 564, 120 S. Ct. 1073). General allegations of disparate treatment are sufficient to survive a motion to dismiss. *See id.* at 707. "[T]he allegation of an impermissible motive and of animus is sufficient to establish an equal protection issue[;] . . . a plaintiff must show either lack of rational basis or animus under *Olech*." *Id.* (citation omitted). A plaintiff must also allege intentional disparate treatment. *See id.*

Plaintiffs allege two motivations for Defendant's actions: (1) Plaintiff Brian Olesen raised issues with Defendant about the manner of his investigation of Mr. Frampton; and (2) Defendant "was given false information that [Plaintiff] Brian Olesen was having an affair with an individual who was purportedly in a relationship with [Defendant]." *See* Am. Compl. at ¶¶ 15-16.

To the extent that Plaintiffs' equal protection claim is based on a retaliatory motive, that claim coalesces with Plaintiffs' First Amendment retaliation claim. *See African Trade & Info. Ctr., Inc. v. Abromaitis*, 294 F.3d 355, 363 (2d Cir. 2002). In *Abromaitis*, the court found that the plaintiffs' equal protection claim rose and fell with their retaliation claim where the complaint alleged that the equal protection violation was in retaliation for the exercise of First Amendment rights, which were impermissible and not irrational as *Olech* required. *See id.* Accordingly, the Court dismisses Plaintiffs' equal protection claim insofar as it is based on the theory that

Defendant's actions were in response to Plaintiff Brian Olesen taking issue with the manner in which Defendant conducted his investigation of Mr. Frampton as redundant to Plaintiffs' First Amendment retaliation claims.

Therefore, the only remaining alleged basis for Plaintiffs' class-of-one equal protection claim is Defendant's alleged "malice" and "personal vendetta" against Defendant Brian Olesen based on the alleged affair. *See* Am. Compl. at ¶¶ 17, 82. Plaintiffs' only factual allegations to support this motive on Defendant's part are quoted above from paragraph fifteen of the Amended Complaint. In *Olech*, the Supreme Court reaffirmed that a plaintiff could bring an equal protection claim as a "class of one" rather than based on a membership in a protected class, where the defendant's actions lack a rational basis. *See Olech*, 528 U.S. 564. The Second Circuit has found that allegations of personal animus are sufficient to show the required irrationality.[5] *See DeMuria*, 328 F.3d at 706. The Second Circuit has also clearly distinguished between impermissible conduct that is nevertheless rationally related to a government interest and irrational conduct that has no relation to a government interest. *See Bizzaro*, 394 F.3d at 88-89 (finding that a claim would lie, although not in the case before the court, if a jury could reasonably find that the defendants had no rational basis to initiate charges against the plaintiffs

---

[5] The Second Circuit has declined to decide whether a past requirement of a showing of illicit motivation or malice survived the Supreme Court's decision in *Olech*. *See DeMuria*, 328 F.3d at 707 n.2. This past requirement arose under *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980), which allowed an equal protection claim based on a malicious motivation. *See Bizzaro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (discussing a *LeClair* and *Olech* claim as "slightly different theories" of an equal protection violation). Plaintiffs allege "malicious or bad faith intent to injure" as the basis for the equal protection claim and argue it under *Olech*. *See* Am. Compl. at ¶ 82; Plaintiff's Surreply at 8. Since Plaintiffs have asserted this claim under *Olech*, which may or may not incorporate the *LeClair* malice requirement, the Court will analyze this claim as such under the *Olech*/*DeMuria* line of cases rather than under *Bizzaro*.

that would serve a legitimate goal).  Accordingly, Plaintiffs will have to show that Defendant's actions had no rational relationship to the legitimate goals of the ATF.  Since *Olech* states that general allegations of disparate treatment are sufficient, the Court finds that Plaintiffs' general allegations of selective treatment, *see* Am. Compl. at ¶ 81, coupled with Plaintiffs' allegations of malicious intent due to the alleged affair, *see id*. at ¶¶ 15-17, 82, plausibly state a class-of-one equal protection claim.

## IV.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**; and the Court further

**ORDERS** that Plaintiffs' Fourth Amendment claim is **DISMISSED**; and the Court further

**ORDERS** that Plaintiffs' Fifth Amendment procedural due process claims are **DISMISSED**; and the Court further

**ORDERS** that, to the extent the Amended Complaint purports to assert such a claim, Plaintiff ASSI's First Amendment retaliation claim is **DISMISSED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Homer for all further pretrial

matters.[6]

**IT IS SO ORDERED.**

Dated: July 8, 2009
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge

---

[6] The following claims remain in this action: (1) a First Amendment retaliation claim on behalf of Plaintiffs Brian Olesen and Barbara Olesen and (2) a class-of-one equal protection claim on behalf of all Plaintiffs.