UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LOUIS BRIAN OLESEN, II,
BARBARA OLESEN, and
AMERICAN SHOOTERS SUPPLY, INC.,

                      Plaintiffs,

         - against -

JOHN MORGAN, SPECIAL AGENT
OF THE FEDERAL BUREAU OF ALCOHOL,
TOBACCO AND FIREARMS,

                      Defendant.

_____

**AMENDED COMPLAINT**

**TRIAL BY JURY**
**DEMANDED**

**Case No. 06-CV-0959**
**(FJS/GHL)**

Plaintiffs in the above-captioned action allege as follows against defendant[s]:

## INTRODUCTION

1.    Plaintiffs bring this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, (403 U.S. 388 [1971]) for violations of their federal civil and constitutional rights by the defendant, a Special Agent of the Federal Bureau of Alcohol, Tobacco and Firearms.

## JURISDICTION

2.    The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

## VENUE

4.    Venue of this action is proper in the Northern District of New York pursuant to 28

U.S.C. § 1391(e).

## PARTIES

5.      Plaintiff Louis Brian Olesen, II ("Brian Olesen") is an individual holder of a federal firearms license and the owner and operator of Guns, Inc., located at 350 Columbia Turnpike, Rensselaer, New York. He also is an employee of plaintiff American Shooters Supply, Inc, doing business as B&J Guns, located at 1702 Central Avenue, Albany, New York.

6.      Plaintiff Barbara Olesen is an individual holder of a federal firearms license and the owner of plaintiff American Shooters Supply, Inc., doing business as B&J Guns, located at 1702 Central Avenue, Albany, New York.

7.      Plaintiff American Shooters Supply, Inc. is a corporation organized and existing pursuant to the laws of the State of New York, doing business as B&J Guns, with a principal place of business at 1702 Central Avenue, Albany, New York.

8.      Plaintiff Guns, Inc. is a corporation organized and existing pursuant to the laws of the State of New York, with a principal place of business at 350 Columbia Turnpike, Rensselaer, New York.

9.      Defendant John Morgan was at all relevant times the Resident in Charge Agent of the Federal Bureau of Alcohol, Tobacco and Firearms, Albany, New York, and, upon information and belief, a resident of the County of Columbia, State of New York.

10.     Defendant U.S. Department of Justice, Bureau of Alcohol, Tobacco and Firearms & Explosives at all relevant times employed Defendant John Morgan and is a federal law enforcement agency.

## FACTS

11.    In 2002 and 2003, plaintiff Brian Olesen was a partner of James Frampton, an individual holder of a federal firearms license (hereinafter "FFL"), doing business as B&J Guns, Inc., at 1814 Central Avenue, Albany, New York. Brian Olesen did not have his FFL at that time.

12.    In late 2002, early 2003, plaintiff Brian Olesen reported to the Bureau of Alcohol, Tobacco and Firearms a number of violations of federal and state firearms laws and regulations that were being committed by his partner, James Frampton.

13.    In response thereto, defendant John Morgan, in his official capacity as Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Albany, New York, became involved in the investigation of the complaints against Frampton made by plaintiff Brian Olesen.

14.    During the investigation of James Frampton, plaintiff Brain Olesen informed Defendant, John Morgan, of the illegal conduct of James Frampton and how it was affecting the business of B&J Guns, Inc.

15.    Upon information and belief, in or around early 2003, John Morgan was given false information that Brian Olesen was having an affair with an individual who was purportedly in a relationship with John Morgan.

16.    Due to Morgan's belief of the affair, and the issues raised by Brian Olesen to defendant John Morgan about the manner in which the investigation of James Frampton was being conducted, defendant John Morgan commenced a continuing campaign of malice and retaliation against plaintiff Brian Olesen that continues to date.

17.    Each of the following actions of defendant John Morgan was undertaken in his official

Case 1:06-cv-00959-FJS-GHL    Document 22    Filed 01/22/2009    Page 4 of 17

capacity as a Special Agent of the Bureau of Alcohol, Tobacco and Firearms and was part of the continuing campaign of malice and retaliation against plaintiff Brian Olesen and a personal vendetta and grudge held by defendant John Morgan.

18.    In or about the winter and spring 2003, defendant John Morgan, in his official capacity as Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Albany, New York, with the specific intent of violating the constitutional rights of plaintiff Brian Olesen, and based upon a personal vendetta and grudge, specifically declared that he would prevent plaintiff Brian Olesen from receiving a federal firearms license.

19.    In or about the winter and spring 2003, defendant John Morgan, in his official capacity as Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Albany, New York, with the specific intent of violating the rights of plaintiff Brian Olesen, and based upon a personal vendetta and grudge, commenced the first of several frivolous criminal investigations of Brian Olesen.

20.    In or about the winter and spring 2003, defendant John Morgan, in his official capacity as Special Agent of the Bureau of Alcohol, Tobacco and Firearms, Albany, New York, with the specific intent of violating the rights of plaintiff Brian Olesen, and based upon a personal vendetta and grudge, falsely informed a State Supreme Court Justice in an *ex parte* conversation, that an arrest of Brian Olesen was imminent in order to persuade the Justice to deny Brian Olesen's application for a New York State gun dealer's license.

21.    Throughout 2003, defendant John Morgan, in his official capacity as Special Agent of the Federal Bureau of Alcohol, Tobacco and Firearms, Albany, New York, with the specific intent of violating the rights of plaintiff Brian Olesen, and based upon a personal vendetta and grudge, directed that the assets and inventory of B&J Guns, Inc. be surrendered to an auctioneer, as opposed

to liquidation, which resulted in a major financial loss to plaintiff Brian Olesen.

22.    Throughout 2003, defendant John Morgan, acting under color of law, forced plaintiff Brian Olesen to consent to an auction of the assets and inventory under threat of illegal seizure by John Morgan in violation of Brian Olesen's constitutional rights, including the Fourth Amendment.

23.    During 2003 and 2004, on more than one occasion, defendant John Morgan interfered with the plaintiffs' business by threatening customers of B&J Guns, Inc., including threatening a holder of a federal firearms license with loss of that license if the customer continued to do business or associate with plaintiff Brian Olesen and/or B&J Guns, Inc.

24.    On another occasion, defendant John Morgan conducted an unconstitutional search of B&J Guns Inc, when defendant John Morgan without consent of the Plaintiffs, without probably cause entered the store without a warrant, searched the inventory, took two gun parts and assembled them to create an unlawful firearm within plaintiff's store.

25.    John Morgan thereafter, knowing that the parts were legally possessed, unlawfully and without reasonable or probable cause threatened plaintiff Brian Olesen with arrest for possessing a unregistered Title II Firearm (that John Morgan created), which charge John Morgan knew to be false.

26.    Between approximately February 2003 and June 2003, plaintiff Brian Olesen had pending his own application to obtain a federal firearms license.

27.    Defendant John Morgan intentionally and unlawfully interfered with and prevented plaintiff's federal firearms license application from being processed and granted, thus depriving Brian Olesen of a federal firearms license to which he was otherwise entitled, in violation of his constitutional rights and with intent to interfere with and cause financial damage to plaintiffs.

28.    Plaintiff Brian Olesen was forced to withdraw his application for a federal firearms license because he was informed that his application was going to be denied due to his status as a "target" in the false criminal investigations commenced and continued by defendant John Morgan.

29.    As a consequence of not obtaining a federal firearms license, plaintiff Brian Olesen was unable to claim and recover assets and inventory from the auctioneer, resulting in additional financial loss.

30.    The plaintiff corporation, American Shooters Supply, Inc., began doing business under the aforementioned license of plaintiff Barbara Olesen in or about October 2003.

31.    Defendant John Morgan thereafter, unlawfully and with intent to cause financial harm to plaintiffs, prevented the auctioneer from transferring assets and inventory of the former B&J Guns, Inc. to plaintiff American Shooters Supply, Inc.

32.    Between winter 2003 and the present date, defendant John Morgan, in furtherance of the frivolous criminal investigations commenced against plaintiff Brian Olesen, without probable cause, and for purposes of retaliating against plaintiff for, among other things, exercising his free speech rights, and for his own personal vendetta and grudge against plaintiff, took the following unlawful and unconstitutional actions:

a.    monitored telephone calls and conversations of plaintiff Brian Olesen in violation of his constitutional rights including but not limited to his fourth amendment rights;

b.    caused unlawful and unconstitutional law enforcement surveillance of plaintiff Brian Olesen, at his business and residence in violation of his constitutional rights including but not limited to his fourth amendment rights;

c.    made numerous verbal threats to "get" plaintiff Brian Olesen in violation of his

-6-

constitutional rights;

d.    outwardly stated to several individuals that his investigations and actions were undertaken as a personal "vendetta" and solely due to his dislike of plaintiff Brian Olesen specifically stating "this is a vendetta case;"

e.    caused subpoenas to be issued to lending institutions, vendors, suppliers, and customers doing business with plaintiffs Brian Olesen, Barbara Olesen, and American Shooters Supply, Inc., with the express intent and purpose to harass and interfere with plaintiffs' legitimate business relationships and cause those subpoenaed to cease doing business with plaintiffs, including refusing to extend business credit;

f.    threatened lending institutions, suppliers, vendors, and customers not to associate or do business with plaintiffs or else face criminal prosecution and/or loss of licenses and civil penalties; and

g.    made a personal *ex-parte* visit to a State Supreme Court Justice and attempted to influence the Judge not to grant any applications of the plaintiffs for New York state gun dealer's licenses for their businesses.

33.    Upon information and belief, defendant John Morgan provided the U.S. Attorney's Office, Northern District of New York with false information allowing Morgan to proceed with criminal investigations of plaintiffs without informing the U.S. Attorney's Office that the investigations were based solely on his personal vendetta and grudge against plaintiff Brian Olesen.

34.    On repeated occasions between winter 2003 and the present date, defendant John Morgan has stated to third-parties that he will not cease his wrongful conduct against plaintiff Brian Olesen until Brian Olesen is in jail and/or out of business.

35.    Defendant John Morgan fabricated alleged firearms violations against Brian Olesen in order to pursue false and unconstitutional criminal investigations.

36.    Upon information and belief, defendant John Morgan told an ATF agent that Brian Olesen had threatened his life, knowing this information to be false and knowing the that the ATF agent would continue to investigate Brian Olesen based upon this false allegation.

37.    In or about February 2005, plaintiff Brian Olesen again applied for a federal firearms license.

38.    Upon information and belief, defendant John Morgan thereafter unlawfully interfered with and/or attempted to prevent plaintiff's second Federal Firearms License Application from being considered and approved, causing at least a seven-month delay before the application was granted, which unlawfully interfered with plaintiff's business.

## FACTUAL ASSERTIONS REGARDING STATUTE OF LIMITATIONS

39.    Many actions taken by Morgan were either done in secret, ex-parte (meeting with the Supreme Court Judge to block federal firearms license) or were actions and statements made to individuals other than the Plaintiffs.

40.    Plaintiffs were not aware of any of the intentional unlawful and unconstitutional behavior of Defendant Morgan until approximately 2005.

41.    While, Defendant Morgan made his intentions to prosecute Brian Olesen known to Brian Olesen during a telephone conversation during the Summer of 2004, (where he told Mr. Olesen that he would "need a magician, not an attorney when I get done with you.), Mr. Olesen was not aware of

the extent of the unlawful and unconstitutional acts until approximately October 2005.

42.     Barbara Olesen was also unaware of Morgan's unlawful and unconstitutional actions against her until approximately October 2005 as individuals informed Plaintiffs of Defendant Morgan's assertion that this was a "vendetta case."

43.     During approximately October 2005 Plaintiffs learned that Morgan had been conducting a campaign of intentionally unlawful and unconstitutional behavior for a significant period of time because he had a personal vendetta against Brian Olesen due to Olesen's criticisms of Morgan and Morgan's incorrect belief that Olesen was having an affair with a woman Morgan was in a relationship with.

44.     As a result, Mr. Olesen through his attorney made a complaint to internal affairs and also placed the U.S. Department of Justice on notice of the allegations via correspondence dated October 12, 2005.

45.     Importantly, given the secret and intentional nature of the wrongful conduct of the Defendant, the full extent of Defendant Morgan's conduct is still unknown to the Plaintiffs herein.

## FIRST CAUSE OF ACTION
## BIVENS CLAIM-FIRST AMENDMENT RETALIATION

46.     Plaintiffs repeat, reallege, and reaffirm the foregoing allegations as if fully set forth herein.

47.     At all times relevant, defendant John Morgan was acting under color of federal authority in his official position as a Special Agent of the Bureau of Alcohol, Tobacco and Firearms.

48.     At all times relevant, defendant John Morgan acted with the specific intent of violating

plaintiffs' federal statutory and constitutional rights based upon his personal "vendetta"and for the purpose of retaliating against plaintiff Brian Olesen for exercising his free speech rights under the First Amendment.

49.     At all times relevant, defendant John Morgan acted in bad faith with an intentional vindictive motive against plaintiffs.

50.     The actions of defendant John Morgan violated plaintiffs' constitutional rights and violated plaintiffs' rights as federal firearms licensees and/or applicants.

51.     The actions of defendant John Morgan violated the First Amendment Rights of plaintiff Brian Olesen by retaliating against Brian Olesen, Barbara Olesen and American Shooters Supply Inc. for protected conduct and/or speech, including but not limited to Brian Olesen reporting firearms violations against his former partner, James Frampton, and for plaintiff's questioning and/or protesting defendant John Morgan's actions in the investigation of Frampton and others.

52.     Furthermore, defendant John Morgan violated plaintiffs' Fourth Amendment Rights by causing ATF agents who worked under his supervision to unlawfully surveil, and monitor Brian Olesen and American Shooters Supply, misinformed ATF agents under his supervision that Brian Olesen has threatened their lives, causing them to further unlawfully harass Brian Olesen, Barbara Olesen and American Shooters Supply, Inc.

53.     Furthermore, Defendant John Morgan as a result of the Plaintiffs assertion of protected conduct and speech, the defendant took adverse action against the plaintiffs violating plaintiffs' federally protected property interests by conducting unlawful investigations, making Brian Olesen a "target" of such investigations, interfering with plaintiffs' business relationships, preventing plaintiffs from obtaining federal firearms licenses in due course thus depriving plaintiffs of their

˘10˘

interests in personal property, including guns and other inventory.

54.    The rights of plaintiffs' violated by defendant John Morgan were clearly established at the time of the violations and a reasonable official would have known that his conduct violated plaintiffs' rights.

55.    As a proximate result of defendant's actions alleged herein, plaintiffs are entitled to recover damages for the intentional violations of their federal constitutional and statutory rights.

## SECOND CAUSE OF ACTION
## BIVENS CLAIM-FOURTH AMENDMENT

56.    Plaintiffs repeat, re-allege, and reaffirm all the foregoing allegations as if fully set forth herein.

57.    At all times relevant, defendant John Morgan was acting under color of federal authority in his official position as a Special Agent of the Bureau of Alcohol, Tobacco and Firearms.

58.    At all times relevant, defendant John Morgan acted with the specific intent of violating plaintiffs' federal statutory and constitutional rights based upon his personal "vendetta" and for the purpose of retaliating against plaintiff Brian Olesen, Barbara Oleson and American Shooters Supply, Inc. for exercising their constitutional rights.

59.    At all times relevant, defendant John Morgan acted in bad faith with an intentional vindictive motive against plaintiffs.

60.    The actions of defendant John Morgan violated plaintiffs' constitutional rights and violated plaintiffs' rights as federal firearms licensees and/or applicants.

61.    The actions of defendant John Morgan violated the Fourth Amendment Rights of

plaintiff Brian Olesen, Barbara Olesen, and American Shooters Supply Inc., by performing or causing to be performed unlawful surveillance of Plaintiffs by himself and/or other ATF agents.

62.    Specifically, upon information and belief Morgan lied to ATF agents under his command and stated to them that Mr. Oleson has threatened their lives causing the Agents to continue to surveill Plaintiffs Brian Olesen, Barbara Olesen, and American Shooters Supply Inc., with no valid reasonable/ probable cause to do so.

63.    On another occasion, defendant John Morgan conducted an unconstitutional search of B&J Guns Inc, when defendant John Morgan without consent of the Plaintiffs, without probably cause entered the store without a warrant, searched the inventory, took two gun parts and assembled them to create an unlawful firearm within plaintiff's store.

64.    John Morgan thereafter, knowing that the parts were legally possessed, unlawfully and without reasonable or probable cause threatened plaintiff Brian Olesen with arrest for possessing a unregistered Title II Firearm (that John Morgan created), which charge John Morgan knew to be false.

65.    Defendant John Morgan violated plaintiffs' federally protected property interests by preventing plaintiffs from obtaining federal firearms licenses in due course and depriving plaintiffs of their interests in personal property, including guns and other inventory.

a.    monitored telephone calls and conversations of plaintiff Brian Olesen in violation of his constitutional rights including but not limited to his fourth amendment rights;

b.    caused unlawful and unconstitutional law enforcement surveillance of plaintiff Brian Olesen, at his business and residence in violation of his constitutional rights including but not limited to his fourth amendment rights;

    e.     caused subpoenas to be issued to lending institutions, vendors, suppliers, and customers doing business with plaintiffs Brian Olesen, Barbara Olesen, and American Shooters Supply, Inc., with the express intent and purpose to harass and interfere with plaintiffs' legitimate business relationships and cause those subpoenaed to cease doing business with plaintiffs, including refusing to extend business credit.

66.    Upon information and belief, defendant John Morgan provided the U.S. Attorney's Office, Northern District of New York with false information allowing Morgan to proceed with criminal investigations of plaintiffs without informing the U.S. Attorney's Office that the investigations were based solely on his personal vendetta and grudge against plaintiff Brian Olesen.

67.    On repeated occasions between winter 2003 and the present date, defendant John Morgan has stated to third-parties that he will not cease his wrongful conduct against plaintiff Brian Olesen until Brian Olesen is in jail and/or out of business.

68.    Defendant John Morgan fabricated alleged firearms violations against Brian Olesen in order to pursue false and unconstitutional criminal investigations.

69.    The rights of plaintiffs' violated by defendant John Morgan were clearly established at the time of the violations and a reasonable official would have known that his conduct violated plaintiffs' rights.

70.    As a proximate result of defendant's actions, plaintiffs are entitled to recover damages for the intentional violations of their federal constitutional and statutory rights.

## THIRD CAUSE OF ACTION
## BIVENS CLAIM—FIFTH AMENDMENT

71.     Plaintiffs repeat, reallege, and reaffirm the foregoing allegations as if fully set forth herein.

72.     At all times relevant, defendant John Morgan was acting under color of federal authority in his official position as a Special Agent of the Bureau of Alcohol, Tobacco and Firearms.

73.     At all times relevant, defendant John Morgan acted with the specific intent of violating plaintiffs' federal statutory and constitutional rights based upon his personal "vendetta"and for the purpose of retaliating against plaintiff Brian Olesen, Barbara Olesen, and American Shooters Supply Inc., for exercising their constitutional rights.

74.     At all times relevant, defendant John Morgan acted in bad faith with an intentional vindictive motive against plaintiffs.

75.     The actions of defendant John Morgan violated plaintiffs' rights to liberty, property, equal protection and due process of law protected by the Fifth Amendments and violated plaintiffs' rights as federal firearms licensees and/or applicants.

76.     Defendant deprived the Plaintiffs of their property interest in unfettered right to conduct their business free from harassment; property interest in guns and inventory seized by Defendant Morgan belonging to Plaintiffs Brian Olesen, Barbara Olesen and American Shooters Supply Inc, forcing them to sell their property by an auctioneer instead of it being transferred to American Shooters Supply Inc, where it would have been sold at retail rates; and further deprived Plaintiffs of a property interest in federal firearms licenses for Brian Olesen and Barbara Olesen by intentionally delaying the process for a period of many months causing significant monetary loss to Plaintiffs.

77.    Furthermore, Defendant John Morgan violated plaintiffs' federally protected property interests by preventing plaintiffs from obtaining federal firearms licenses in due course and depriving plaintiffs of their interests in personal property, including guns and other inventory. Defendant Morgan deprived the plaintiffs of due process in that they were entitled to firearms licenses in a timely manner, or the opportunity to appeal any denial through the proper procedural channels.

78.    Defendant deprived Plaintiffs' liberty interest in that he engaged in conduct that adversely affected Plaintiffs' good name, reputation, honor and integrity.

79.    Specifically, Morgan falsely informed a State Supreme Court Justice in an *ex parte* conversation, that an arrest of Brian Olesen was imminent; he contacted clients including law enforcement officers telling them not to do business with Plaintiffs due to Olesens' "criminal" activity; Morgan threatened lending institutions, suppliers, vendors, and customers not to associate or do business with plaintiffs or else they would also face criminal prosecution and/or loss of licenses and civil penalties; and, upon information and belief, Morgan conducted a pattern of continuous behavior to adversely affect Plaintiffs' good name, reputation, honor and integrity.

80.    Defendant further violated Plaintiffs' equal protection right in that Defendant Morgan's conduct amounted to purposeful discrimination the Plaintiffs herein.

81.    The Plaintiffs were, compared with others similarly situated, selectively treated

82.    The selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations by a malicious or bad faith intent to injure the Plaintiffs

83.    The rights of plaintiffs' violated by defendant John Morgan were clearly established at the time of the violations and a reasonable official would have known that his conduct violated plaintiffs' rights.

84.    As a proximate result of defendant's actions, plaintiffs are entitled to recover damages

for the intentional violations of their federal constitutional and statutory rights.

**WHEREFORE,** it is respectfully requested that the Court grant the following relief:

A.     On the first cause of action, judgment awarding plaintiffs compensatory damages and punitive damages in amounts to be determined by a jury at trial;

B.     On the first cause of action, attorney's fees, costs and disbursements;

C.     On the second cause of action, judgment awarding plaintiffs compensatory damages and punitive damages in amounts to be determined by a jury at trial; and

D.     Such other and further relief as the Court deems just, proper and equitable.

Dated: January 20, 2009

DREYER BOYAJIAN LLP

William J. Dreyer, Esq.
Bar Roll No.: 101539
Attorneys for Plaintiffs
75 Columbia Street
Albany, New York 12180
(518) 463-7784 [Phone]

J:\WJD\OLESBR (MORGAN)-06118\PLEADINGS\AMENDED COMPLAINT.DOC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LOUIS BRIAN OLESEN, II, BARBARA OLESEN,
AMERICAN SHOOTERS SUPPLY, INC. and GUNS, INC.,

                       Plaintiffs,

                                                         Case No.:
                                                         **06-CV-0959**
                                                         **(FJS/DRS)**

     v.

JOHN MORGAN, Special Agent of the
Federal Bureau of Alcohol, Tobacco, Firearms and Explosives,
Individually and in his official capacity, U.S. DEPARTMENT OF JUSTICE,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS and EXPLOSIVES;

                       Defendants.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on **February 23, 2007**, I electronically filed a **Notice of Cross Motion, Affidavit in Opposition to Motion for Dismissal with Exhibit "A"-"F" and Memorandum of Law in Opposition to Defendants' Motion for Dismissal** with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1.     **AUSA Mary Fleming (mary.pat.fleming@usdoj.gov)**

                                     /s/_____
                                      **Kristen J. Bellini**

Sworn to before me this
23rd day of February, 2007.

/s/_____
Notary Public