IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LOUIS BRIAN OLESEN, II, | ) | |
| BARBARA OLESEN, | ) | |
| AMERICAN SHOOTERS SUPPLY, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 06-CV-0959FJS/DRH |
| v. | ) | |
| | ) | |
| JOHN MORGAN, Special Agent of | ) | |
| the Federal Bureau of Alcohol, | ) | |
| Tobacco and Firearms, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF RORY D. O'CONNOR,
ASSISTANT SPECIAL AGENT IN CHARGE, NEW YORK FIELD DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Rory D. O'Connor, pursuant to 28 U.S.C. ' 1746, do hereby declare and say as follows:

1. I am an Assistant Special Agent in Charge for the New York Field Division, Brooklyn, New York, Bureau of Alcohol, Tobacco, Firearms and Explosives. In my capacity as Assistant Special Agent in Charge, I provide broad oversight and leadership over the New York Field Division, including the Albany field office. In my capacity as Assistant Special Agent in Charge, I have knowledge of the information set forth below.

2. ATF and its agents have the responsibility to administer and enforce the Federal firearms and explosives laws, and to investigate potential violation of those laws. See 18 U.S.C. ' 3051 (powers of ATF Special Agents); 28 U.S.C. ' 599A (establishment and responsibilities of ATF); 28 C.F.R ' 0.130 (general functions of ATF). See also 18 U.S.C. Chapter 44 (relating to firearms); 26 U.S.C. Chapter 53 (relating to violations of the National Firearms Act); 18

U.S.C. Chapter 40 (relating to explosives).

3. During the latter part of 2002 through 2005, ATF conducted a number of criminal investigations and compliance inspections involving the applications and business practices of James Frampton, Louis Brian Olesen, II, Barbara Jean Olesen, and their affiliated businesses. For the most part, licensing and compliance inspections were conducted by Industry Operations Investigators/Inspectors, while the criminal investigations were conducted by ATF Special Agents. Plaintiffs' Complaint centers on two of those investigations. In relevant part, ATF has documented the following:

### I. 2002-2003 Criminal Investigation of Brian Olesen

4. On November 19, 2002, ATF Special Agents and an ATF Inspector interviewed Brian Olesen regarding allegations that his business partner, James Frampton, was stealing firearms from the inventory of their retail firearms business, d/b/a American Tactical Systems, d/b/a B&J Shooting Supply, 1814 Central Avenue, Albany, New York. Mr. Frampton was licensed in his own name. Mr. Olesen did not hold a federal firearms license, and was not identified as a responsible person in the business.

5. This November 19, 2002, interview was conducted at the ATF Albany Field Office, with Mr. Olesen's attorney, Michael Rhodes Devey, present. During the interview, Mr. Olesen informed the agents that Mr. Frampton was falsifying his Acquisition and Disposition (A&D) Book, that Mr. Frampton was removing firearms from the inventory of B&J Shooting Supply, recording the firearms as having been sold to other persons, and then selling the firearms online for personal profit.

6. Subsequently, on or about November 15, 2002, ATF initiated a criminal investigation

for B&J Shooting Supplies. This investigation expanded during the course of the investigation based on information furnished by an informant as well as information furnished by Olesen and Frampton.

7. On December 17, 2002, Mr. Frampton advised ATF that he was suspending operations at B&J Shooting Supply, and would be surrendering his license.

8. Mr. Olesen and his attorney met with an ATF Special Agent and an ATF Inspector at the ATF Albany Field Office. ATF informed Mr. Olesen that no further firearms transfers could occur at B&J Shooting Supply without Frampton's permission. ATF stressed to Mr. Olesen that he could no longer engage in firearms sales at the business because he did not have a Federal firearms license.

9. On December 18, 2002, Olesen, Olesen's attorney, and Frampton met with Resident Agent in Charge (RAC) John Morgan, another ATF agent and an ATF Inspector at the Albany Field Office to discuss ending their partnership and dissolving their business. Mr. Olesen stated that he would apply for a Federal firearms license and would no longer sell firearms at B&J Shooting Supply. Frampton again indicated that he would surrender his Federal firearms license. Both parties consented to ATF conducting an inventory of the firearms at B&J Shooting Supply, and that upon completion of the inventory, B&J Shooting Supply would close.

10. On December 18, 2002, RAC Morgan, another ATF Special Agent and an ATF Inspector conducted a separate interview of Frampton. At that time, Frampton alleged, among other things, that he believed Olesen unlawfully acquired at least two machine guns (see 18 U.S.C. § 922(o)), as well as unlawfully purchasing a firearm from Mike Scarnato, a machinist who performed gunsmithing for Olesen and Frampton. (Of note: In an unrelated transaction,

3

Mr. Scarnato was later convicted in Federal court for Federal firearm violations)

11. On December 19, 2002, RAC Morgan, an ATF Special Agent and an ATF Inspector conducted a consensual inventory of the firearms and records at B&J Shooting Supply. During the inspection, RAC Morgan observed, on display, a Bushmaster semi-automatic assault type rifle with a pistol grip and a threaded barrel that enabled it to accept an attachable muzzle break. This modification, in conjunction with the pistol grip, placed the rifle in violation of 18 U.S.C. § 922(v) (since repealed) (making it unlawful to possess a semi-automatic assault weapon). RAC Morgan notified Olesen and Frampton that the modification was unlawful and ATF seized the firearm

12 On December 19, 2002, during the inventory at B&J Shooting Supply, RAC Morgan noted that Olesen was telling customers that he would be open for business once ATF finished its inspection. RAC Morgan reminded Olesen that he could not sell firearms at B&J Shooting Supply without Frampton's permission. When Olesen became confrontational, RAC Morgan cancelled the inventory and ATF left the premises.

13 On December 20, 2002, RAC Morgan, an ATF Special Agent and an ATF Inspector met with Frampton and Olesen at B&J Shooting Supply. It was agreed that ATF would lock the shop and hold the keys until after the holidays, at which time ATF would continue its inventory. The inventory commenced again on December 30, 2002.

14. On January 2, 2003, two ATF Special Agent and an ATF Firearms Examiner, from ATF's Firearms Technology Branch, continued the inventory of the firearms and records at B&J Shooting Supply. During the inventory, the ATF Firearms Examiner discovered, as well as other items, an RFI (Indian made), 7.62 mm rifle, which he determined was capable of being converted

4

to a fully automatic weapon, and therefore qualified as a machinegun. Receipt or possession of a machinegun is prohibited by 18 U.S.C. § 922(o).

15. On January 8, 2003, RAC Morgan and two ATF Special Agents executed a federal search warrant at B&J Shooting Supply, seizing required firearms records. The warrant was issued by the United States District Court for the Northern District of New York, and was based upon probable cause for making false entries in the A&D Book and possession of a semi-automatic assault rifle in violation of 18 U.S.C. §§ 922(m), 924(a)(3)(a) and 922(v).

16. On January 31, 2003, ATF Special Agents executed a second federal search warrant at B&J Shooting Supply, for unlawful possession of four firearms, seizing the four firearms.

17. On February 6, 2003, RAC Morgan, accompanied by an ATF Special Agent, an ATF Inspector, an ATF Acting Area Supervisor (Industry Operations), and ATF Counsel met with representatives from the United States Attorney's Office, Northern District of New York, to discuss the proper course for pursuing possible criminal prosecution of Olesen and Frampton for firearms offenses and record-keeping violations. At that time, concerns were raised about whether Frampton's record-keeping violations constituted a misdemeanor under 18 U.S.C. § 922(m) (making it a unlawful for a licensed firearms dealer to knowingly make a false entry in any required records) or a felony under 18 U.S.C § 924(a)(1)(A) (making it unlawful to knowingly make a false statement or representation with respect to information required to be kept by a licensee). In addition, the ATF Firearms Technology Branch expressed some doubt as to its previous determination that the Bushmaster semi-automatic rifle actually qualified as an unlawful semi-automatic assault rifle. Based upon these considerations, the United States Attorney's Office decided not to pursue charges.

18. On January 8, 2003, New York State Supreme Court Justice Bernard Malone faxed RAC Morgan a copy of an Order to Show Cause indicating the Court had appointed Paul Devane as Receiver in the dissolution of B&J Shooting Supply. See Enclosure 1. As part of the dissolution, Olesen and Frampton agreed to surrender the firearms inventory to an auctioneer for liquidation. See Enclosure 2. On March 13, 2003, Brian Olesen signed a Notice of Abandonment of Property of approximately 200 pounds of smokeless powder. See Enclosure 3.

19. On April 18, 2003, Mr. Frampton, through his attorney, surrendered his federal firearms license.

## II.   <u>2004 Investigation of Olesen For Possible Involvement in Hidden Ownership</u>

20. On December 27, 2002, while ATF was conducting its criminal investigation and regulatory inspection, Olesen submitted an application to ATF to obtain a Federal firearms license. On or about that date, Olesen also submitted an application to the County of Albany to become a state-licensed pistol dealer. In early 2003, during the pendency of the county application, New York State Supreme Court Justice Bernard Malone contacted RAC Morgan concerning Olesen's involvement with ATF and his suitability to become a licensed firearms dealer. RAC Morgan advised Justice Malone that Olesen was the subject of an ATF criminal investigation for federal firearms offenses. At that time, Justice Malone informed RAC Morgan that he would not approve Olesen's county application because of Olesen's history of misdemeanor arrests.

21. On April 3, 2003, Olesen withdrew his application for a Federal firearms license, and sent ATF a handwritten note, stating that he was withdrawing the application because his landlord would not allow a continuance of the lease at 1814 Central Avenue, Albany, New York,

the address of the former B&J Shooting Supply

22. On May 7, 2003, Olesen's mother, Barbara Olesen submitted an application for a Federal firearms license at 1702 Central Avenue, Albany, New York, the proposed location for a new retail firearms business, B&J Guns. Because of the proximity in time between the denial of Olesen's application for a state pistol dealer's license, Olesen's withdrawal of his application for a Federal firearms license, and his mother's application for her own license (first by Barbara Olesen on behalf of Guns, Inc. and later changed to single ownership to "Barbara Jean Olesen, d/b/a American Shooter Supply"), ATF believed that Olesen may be attempting to establish a hidden ownership, in violation of 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 924(a)(1)(A).

23. In July 2003, RAC Morgan met with ATF's Industry Operations and ATF Counsel. It was determined that if all other licensing requirements were satisfied, Barbara Olesen would be granted a federal firearms license. Accordingly, at the request of ATF, Barbara Olesen furnished ATF with an affidavit stating she would be the sole owner of the gun shop. Following the inspection, the ATF Inspector filed a report recommending approval of the application but also recommending a follow-up inspection be conducted after one year.

24. In September 2004, RAC Morgan assigned an ATF Special Agent to investigate whether Barbara Olesen was actually acting as the owner of B&J Guns, or whether Brian Olesen was acting as the owner and dealing in firearms without a license. At that time, a United States Postal Service mail cover was requested, and multiple subpoenas were served upon vendors, banks, and service providers, and limited visual surveillance conducted, in an attempt to determine whether Olesen or his mother was acting in an ownership capacity. The results of the mail cover and the responses to the subpoenas demonstrated that Olesen—not his mother—was

7

acting as the owner and operator of American Shooter Supply/B&J Guns.

25  The investigation into Olesen's conduct was cut short when Olesen again applied for his own Federal firearms license for B&J Guns East, located at 350 Columbia Turnpike, East Greenbush, New York

26. Though ATF's criminal investigation remained open, the ATF Area Supervisor, the ATF Director of Industry Operations, and the Assistant Chief Counsel, New York Field Division, concluded that there were insufficient grounds at that time to deny Olesen's application at B&J Guns East. Accordingly, it was determined that ATF should grant the license now, and revoke the license later if sufficient grounds developed. See 18 U.S.C. § 923(d)(1)(C) (applications shall be approved unless, among other things, the applicant has willfully violated provisions of the *Gun Control Act*)  However, with the issuance of a license to Brian Olesen, ATF determined not to further pursue the hidden ownership investigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of September, 2009

                              S/Rory D. O'Connor
                              Rory D O'Connor
                              Assistant Special Agent in Charge
                              New York Field Division

8

**ENCLOSURE 1**

At an All Purpose Term of the Supreme Court of the State of New York, County of Albany, held at the Courthouse, Albany, New York on the 8th day of January, 2003

PRESENT: Hon. ___Bernard J. Malone, Jr., J.S.C.___, Justice

In the Matter of the Judicial Dissolution of AMERICAN TACTICAL SYSTEMS, INC. and L. BRIAN OLESEN, II,

              Plaintiffs - Petitioner,

-against-

JAMES P. FRAMPTON,

              Defendant - Respondent.

**ORDER TO SHOW CAUSE**

Index No.: 99-03
RJI No.:

Upon the annexed Verified Complaint-Petition of American Tactical Systems, Inc. and L. Brian Olesen, II, a fifty (50%) percent shareholder and a director, verified on January 7, 2003, and upon the affidavit of L. Brian Olesen, II, in support of Petitioner's motion for a preliminary injunction, sworn to on January 7, 2003, and it appearing that American Tactical Systems, Inc. is a corporation organized and existing under the Business Corporation Law of the State of New York with its principal place of business located at 1814 Central Avenue, Albany, New York, and that this matter is one of those specified in Business Corporation Law Section 1104 (a)(3) in that there is internal dissension and two or more factions of shareholders are so divided that dissolution would be beneficial to the shareholders and because Defendant-Respondent, James P. Frampton, who is the other fifty (50%) percent shareholder and director of the corporation has been unlawfully selling the corporation's firearms and because the corporation's assets are being looted, wasted, and diverted for non-corporate purposes by Defendant-Respondent James P. Frampton, and it further

appearing to this Court that it would be in the best interests of the shareholders that a temporary receiver be appointed to conduct the business of the corporation in his or her discretion, subject to order of the Court. On the proof of service of notice of this application on the State Tax Commission, Defendant-Respondent, and Mark Couch, Esq., his attorney, it is ordered that:

1. Defendant-Respondent and all other persons interested in the corporation, show cause before this Court at an All Purpose Term, to be held at the Albany County Courthouse, 16 Eagle Street, Albany, New York, on February 10, 2003, at 9:30 o'clock in the fore noon, or as soon thereafter as counsel can be heard, why the corporation should not be dissolved pursuant to the rules and practices of this Court;

2. The corporation shall publish a copy of this order at least once a week in each of the three weeks immediately preceding the time fixed herein for a hearing thereon in the Times Union, a newspaper published in the County of Albany, New York, and a copy of this order and the papers upon which it was granted shall be served personally upon the State Tax Commission at least ten days before the hearing date and a copy of this order and the papers upon which it was granted shall be served by certified mail - return receipt requested, mailed to James P. Frampton, the Defendant-Respondent, at 41 Margaret Drive, Loudonville, New York 12211, and to Mark Couch, Esq., his attorney, at Breakell & Couch, P.C., 10 Airline Drive, Albany, New York 12205, or before January 10, 2003, which shall be sufficient service;

869-5552

2

3. Service of responsive papers, if any, by Defendant-Respondent shall be served upon Tabner, Ryan and Keniry, attorneys for Plaintiffs-Petitioner, on or before February 4, 2003;

4. American Tactical Systems, Inc., its officers and directors, are to furnish the Court with a certified schedule of the accounts of the corporation, together with a statement of the corporate assets and liabilities, and the name and address of each shareholder and of each creditor and claimant, including any with whom the corporation has unfulfilled contracts;   518-462-2200
112 State St.      12207

5. Paul T. Devane, Esq., of Albany, New York, is appointed temporary receiver of the corporation, pursuant to Business Corporation Law Section 1113, and he or she is immediately to take possession of the property and effects, real and personal, of every nature, kind, and description, of the corporation, and hold and administer the same according to law. Before the receiver takes possession of such property or enters upon the discharge of his or her duties, he or she shall execute and file with the Clerk of Albany County a bond to the People of the State of New York, for $ —0—, conditioned for the faithful discharge of his or her duties as receiver;

6. The Central National Bank of Canajoharie, New York, is designated as the place of deposit, where funds of the corporation not needed for immediate disbursement shall be deposited;

7. The temporary receiver, in the performance of the duties of his or her trust, shall act in all things subject to the order of this Court;

3

8. The temporary receiver has permission and is authorized and empowered to continue and carry on the business of the corporation until further order of the Court, provided, however, that no indebtedness shall be incurred by the temporary receiver for that purpose, except for necessary help and supplies, without the further order of this Court;

9. All parties shall be restrained and enjoined from operating the Corporation's store or otherwise selling its inventory during the pending of this proceeding;

10. All persons interested in the corporation shall be enjoined and restrained from expending or disbursing any corporate funds or property in favor of any shareholder, officer, or director of the corporation or in favor of or to any attorney at law, without further order of the Court; and

11. Plaintiffs-Petitioners are hereby granted leave to supplement this application, up to and during any hearings or proceedings conducted relating to the matter.

Dated: Albany, New York
January 8, 2003

ENTER.

_____
Hon.                  , Justice
Supreme Court, Albany County
Bernard J. Malone, Jr., J.S.C.

C:\SKK MyFiles\Files\1887J\otsc end.wpd

4

Exhibit A

**ENCLOSURE 2**

# Amoskeag
## AUCTION COMPANY, INC.

250 Commercial Street, Unit #3011 • Manchester, NH 03101
603/627-7383 • Fax 603/627-7384 • www.amoskeag-auction.com

## CONSIGNMENT AGREEMENT

**CONSIGNOR NAME:** James P. Frampton / American Tactical
**ADDRESS:** 1814 Central Ave
**CITY/STATE/ZIP:** Albany, NY 12205-0000
**PHONE:** _____

**Date:** 3/14/03
**Consignor #:** ____
**Total Pages:** 37

See attached list
1580 Firearms

I commission Amoskeag Auction Company, Inc. to sell the above listed property to the highest bidder at **unreserved** public auction. I agree to pay Amoskeag Auction Company, Inc. a commission of **6.5** % of the hammer price of the above described items. I understand that Amoskeag Auction Company, Inc. will charge a buyers premium in addition to the above commission and I have no claim to that commission. I understand that I will receive full payment less the auctioneers commission within **20 business days** from the date of the auction. I understand that the items are only considered "sold" when they are paid for in full by the customer. I certify that I own the above described items and have good title to and the right to sell the same.

If the consignor wishes to withdraw any items prior to auction date, the consignor agrees to pay Amoskeag Auction Company, Inc. any and all expenses they may have incurred in preparing the items for auction. Consignor agrees to hold Amoskeag Auction Company, Inc. and all of their consultants and staff harmless from any claims that arise from their dealing with the above described items, except any claims that arise due to negligence on their part.

American Tactical Systems
co/owner Brian Olr___

**Consignor** / James Frampton   **Date** 3/14/03

Amoskeag Auction Company, Inc. NH License #2555   **Date** 3/14/03

**ENCLOSURE 3**

# DEPARTMENT OF THE TREASURY
## BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
### NOTICE OF ABANDONMENT OF PROPERTY

**DATE:** 3/15/03

**INVESTIGATION NUMBER:**

I (owner), co/owner Brian Olsen

residing at 44 Watervern Ave Latham N.Y. 12110

voluntarily abandon all rights and claim to (give complete description of the property)

Aprox 200 lbs of smokeless powder in various size containers from various manfactures

Containers range from 1 lb to 8 lbs

In order that appropriate disposition may be made thereof by the Bureau of Alcohol, Tobacco and Firearms, the New York State Police + the Town of Colonie Bureau of Fire Prevention + Investigation.

_Signature of Owner_

R.G. Latty, Asst. Chief.
**Special Agent**

Randolph Rivera, Village of Colonie
**Other Witness**

ATF F 3400.1 (10/91) PREVIOUS EDITIONS ARE OBSOLETE    COPY 1 - SPECIAL AGENT IN CHARGE