Westlaw.

Page 1

Not Reported in F.Supp.2d, 2008 WL 762196 (S.D.N.Y.)
(Cite as: 2008 WL 762196 (S.D.N.Y.))

C
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
William WRIGHT, Plaintiff,
v.
NEW YORK CITY OFF-TRACK BETTING
CORPORATION, et al., Defendants.
No. 05 Civ. 9790(WHP).

March 24, 2008.

Thomas Anthony Ricotta, Esq., Leeds Morelli & Brown, P.C., Carle Place, NY, for Plaintiff.

Daniel Chiu, Esq., New York City Law Department, Office of the Corporation Counsel, New York, NY, and Pamela S. Richardson, Esq., Patton Boggs LLP, Washington, DC, for Defendants.

*MEMORANDUM AND ORDER*

WILLIAM H. PAULEY III, District Judge.

*1 Plaintiff William Wright ("Wright") brings this employment discrimination action against Defendant New York Off-Track Betting Corporation ("OTB") and various of its employees alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C § 621 *et seq.* (the "ADEA"). OTB moves for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, OTB's motion is granted, and this action is dismissed.

*BACKGROUND*

Wright is a seventy-two year old African-American man who worked for OTB in various positions from May 1, 1995 through August 1, 2006, when he retired. (Def. 56.1 Stmt. ¶ 2.) As of May 2001, his job duties included copying documents, organizing personnel discipline files, and shredding confidential files. (Declaration of Thomas Ricotta dated Oct. 15, 2007 ("Ricotta Decl.") Ex. A: Excerpts from Deposition of William Wright dated Nov. 28, 2006 ("Wright Dep.") at 20-21, 23, 25.) Wright was reprimanded several times in 2001 for, *inter alia*, taking excessive breaks, making unauthorized personal calls, failing to follow instructions, discussing confidential disciplinary files, and excessive personal use of electronic mail. (Def. 56.1 Stmt. ¶ 7.)

On May 6, 2002, Patricia-Mcdonnell-Riggio ("McDonneli-Riggio"), the Executive Director of Human Resources, transferred Wright to an Office Assistant position in the Human Resources department under the supervision of Grace Prescia ("Prescia") after Wright complained that he did not want to continue to work for his then-supervisor. (Def. 56.1 Stmt. ¶ 9.) The three other employees in this department who shared Wright's job title were women under the age of forty. (Wright Dep. at 43-44, 50.) Their duties included processing employment-related information concerning new hires, transfers, medical leaves, and discharges. (Wright Dep. at 51-53.) Wright performed tasks such as filing, shredding and copying. (Def. 56.1 Stmt. ¶ 13.) Wright also performed at least one more substantive task, processing early retirements. (Wright Dep. at 63.) In response to Wright's inquiry into why a colleague had received overtime, Prescia asked Wright how old he was. (Def. 56.1 Stmt. ¶ 18.) Wright also requested and was denied training on OTB's payroll system, known as Genesys. (Wright Dep. 51-58; Ricotta Decl. Ex. B: Excepts from the Deposition of Patricia McDonneli-Riggio dated Nov. 14, 2006 ("McDonneli-Riggio Dep.") at 44-46.) According to Wright, Genesys was "the basis of most of the [on-the-job] training" he sought. (Wright Dep. at 51.)

McDonneli-Riggio believed that Wright disappeared for extended periods of time during the day, left immediately at the end of the work day, failed

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 762196 (S.D.N.Y.)
(Cite as: 2008 WL 762196 (S.D.N.Y.))

Page 2

to complete projects, and made careless errors such as failing to unfold documents before copying or failing to note that files were signed out. (Declaration of Patricia McDonnell-Riggio dated July 2, 2007 ¶¶ 10-11.) Because it is difficult to track mistakes made in the Genesys system before paychecks are sent out, McDonnell-Riggio concluded that Wright's record of carelessness should preclude him from making entries in Genesys. (McDonnell-Riggio Dep. at 44-46.)

*2 On October 4, 2004, Wright filed charges of age, sex and race discrimination against OTB with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). (Def. 56.1 Stmt. ¶ 22.) Wright's EEOC charge alleged, in relevant part:

> I have been systematically excluded from a potential promotion to any title above my current level. To date, I have been relegated to filing, shredding and copying, only and I have not received the training that other Office Associates in my unit have gotten. On the other hand, my younger female counterparts have been trained to be able to assume more complex tasks which would argue well for them to be promoted. It should be noted that I am the only Black male employee in my age range, who has a Masters Degree and still I have been treated as if I were almost totally incompetent to perform higher level tasks in my title.

(Declaration of Daniel Chiu dated July 2, 2007 Ex. E: Verified Complaint date Oct. 4, 2004.)

Beginning on March 15, 2005, Wright was denied several positions for which he applied. (Def. 56.1 Stmt. ¶ 25.) He also received reprimands on May 25, 2005, for misrepresenting himself to job applicants, and on January 20, 2006, for failing to file documents and misfaxing a document. (Chiu Decl. Exs. Q: Memo from Kathy Rehm to Grace Prescia dated May 25, 2005 & R: Memo from Grace Prescia to William Wright dated Jan. 20, 2006.) Wright retired from OTB on August 1, 2006. (Wright Dep. at 7.)

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of demonstrating the absence of any genuine dispute as to a material fact rests with the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir.1997). In determining whether there is a genuine issue as to any material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Liberty Lobby, 477 U.S. at 255.

If the moving party meets its initial burden, the non-moving party must then come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir.2000). The non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir.1998). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient." Liberty Lobby, 477 U.S. at 248. Instead, the non-movant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Liberty Lobby, 477 U.S. at 252.

### II. Failure to Exhaust

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Not Reported in F.Supp.2d, 2008 WL 762196 (S.D.N.Y.)
(Cite as: 2008 WL 762196 (S.D.N.Y.))

*3 For a Title VII or ADEA claim to be valid, a plaintiff in New York must file a charge of discrimination with the EEOC within 300 days of the allegedly discriminatory action. 42 U.S.C. § 2000e-5(b); 29 U.S.C. § 626(d); *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 108 (2002); *Butts v. N.Y. Dep't of Hous. Pres. & Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993). Claims not presented to the EEOC and not exhausted may be pursued only if they are "reasonably related" to those filed with the agency. *Butts,* 990 F.2d at 1401. A claim is reasonably related if the conduct complained of would reasonably fall within the scope of an EEOC investigation into the presented claim. *Deravin v. Kerik,* 335 F.3d 195, 200-01 (2d Cir.2003); *Butts,* 990 F.2d at 1402-1403.

A. *Hostile Work Environment*

To present a hostile work environment claim to the EEOC, a plaintiff must have alleged facts sufficient to suggest "a pervasive, abusive environment upon which a rational trier of fact could find that he was subjected to a hostile work environment due to his [membership in a protected class]." *Bazile v. City of N.Y.,* 215 F.Supp.2d 354, 361 (S.D.N.Y.2002) (changes in duties presented in EEOC charge not reasonably related to hostile work environment claim) *aff'd,* 64 Fed. App'x 805, 807 (2d Cir.2003) (summary order); *see also Alfano v. Costello,* 294 F.3d 365, 373 (2d Cir.2002). Generally, presenting a disparate treatment or retaliation claim to the EEOC will not exhaust a hostile work environment claim. *McCrav v. N.Y. City Police Dep't,* No. 99 Civ. 7035(CBA), 2008 WL 207845, at *1 n.2 (E.D.N.Y. Jan. 24, 2008); *Smith v. Consumer Credit Counseling Servs. of Cent. N.Y.,* No. 03 Civ. 1033(NAM), 2005 WL 1842859, *5 (N.D.N.Y. Aug. 1, 2005); *Brown v. Coach Stores, Inc.,* No. 99 Civ. 10797(JSR), 2000 WL 1239113, *2 (S.D.N.Y. Aug. 31, 2000).

Wright's EEOC charge-asserting that he was "excluded from a potential promotion," "relegated to filing, shredding and copying," and deprived of "training that other Office Associates in [his] unit have gotten" (Chiu Decl. Ex. E)-neither asserted nor supplied facts sufficient to state a hostile work environment claim. Accordingly, to the extent Wright has brought a hostile work environment claim, he has failed to exhaust it, and Defendants' motion for summary judgment on that claim is granted.

B. *Promotion and Training*

Denials of promotion and training opportunities are discrete acts, each of which must have taken place within the 300-day statutory limitations period. *Sackey v. City of N.Y.,* No. 04 Civ. 2755(WHP), 2006 WL 337355, at *5 (S.D.N.Y. Feb. 15, 2006) (promotions); *Silva v. Peninsula Hotel* 509 F.Supp.2d 364, 376 (S.D.N.Y.2007) (training opportunities). Time-barred claims "cannot serve as predicates for allegations in the complaint said to be reasonably related" to an EEOC charge. *Butts,* 990 F.2d at 1403; *Mateo v. Riverbay Corp.,* 168 F.Supp.2d 118, 122 (S.D.N.Y.2001).

*4 Wright offers no evidence that he was denied any promotions or specific training opportunities within the 300 days preceding his EEOC charge. Any pre-charge denials are time-barred, *see Sackey,* 2006 WL 337355, at *5; *Silva,* 509 F.Supp.2d at 376, and post-charge denials are not exhausted, because a claim cannot relate back to a time-barred allegation, *see Butts,* 990 F.2d at 1403. Accordingly, Defendants' motion for summary judgment on Wright's failure to promote and failure to train claims is granted.

III. *Disparate Treatment*

Courts evaluate employment discrimination claims under Title VII and the ADEA using the *McDonnell Douglas* burden shifting analysis. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *see also Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 140 (2000) (extending *McDonnell Douglas* to ADEA).

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Not Reported in F.Supp.2d, 2008 WL 762196 (S.D.N.Y.)
**(Cite as: 2008 WL 762196 (S.D.N.Y.))**

A. *Prima Facie Case*

First, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and (4) the adverse action occurred in circumstances giving rise to an inference of discrimination. *Weinstock v. Coiumbia Univ.,* 224 F.3d 33, 42 (2d Cir.2000); *see also McDonnell Douglas,* 411 U.S. at 802. The burden of proof for this *prima facie* showing is *de minimis. Dister v. Cont'l Group, Inc.,* 859 F.2d 1108, 1115 (2d Cir.1988).

Comparatively poor assignments can constitute adverse employment actions. *See* 42 U.S.C. § 2000e-2(a); *Feingold v. N.Y,* 366 F.3d 138, 152 (2d Cir.2004) (assignment of disproportionately heavy workload constitutes an adverse employment action); *Joseph v. Leavitt,* 465 F.3d 87, 90 (2d Cir.2006) (significantl reduction in material responsibilities can constitute an adverse employment action). Stray discriminatory comments combined with significant disparate treatment can raise an inference of discrimination. *See Abdu-Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 468 (2d Cir.2001). Wright was relegated to menial tasks while younger women in his department were given more substantive assignments and on-the-job training. Also, Prescia made at least one discriminatory remark about Wright's age. Accordingly, Wright has made out a *prima facie* case of discrimination. *See Abdu-Brisson,* 239 F.3d at 468.

B. *Non-Discriminatory Reason*

Once the plaintiff has established a *prima facie* case, the defendant must articulate a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas,* 411 U.S. at 802-03; *Holt v. KMI-Continental,* 95 F.3d 123, 129 (2d Cir.1996). Inadequate performance is such a reason. *See, e.g., Brennan v. Metropilotan Opera Ass'n, Inc.,* 192 F.3d 310, 317 (2d Cir.1999). Beginning in 2001, Wright was repeatedly reprimanded for mistakes, and McDonnell-Riggio did not want Wright to use the Genesys system-the "basis of most of the [on-the-job] training" Wright sought (Wright Dep. al 51)-because she found him unreliable. Thus, Defendant has articulated a legitimate, non-discriminatory reason for Wright's job assignments.

C. *Pretext*

*5 The burden thus shifts back to Wright to show that OTB's reason is mere pretext and that discrimination was the true motivating factor in Wright's job assignments. *See St. Mary's,* 509 U.S. at 507-08; *McDonnell Douglas,* 411 U.S. at 804-05. "Pretext may be demonstrated either by the presentation of additional evidence showing that 'the employer's proffered explanation is unworthy of credence,' ... or by reliance on the evidence comprising the prima facie case, without more ...." *Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 38 (2d Cir.1994) (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256 (1981)). Ultimately, the question is whether the evidence supports a rational inference that "more likely than not [discrimination] was the real reason" for the adverse action of which the plaintiff complains. *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 714 (2d Cir.1996) (internal quotation omitted) (alteration in original).

Other than conclusory assertions that his reprimands were unwarranted, Wright has not offered evidence showing that OTB's proffered explanation is unworthy of credence. Nothing on the record suggests that the women in Wright's department also received any reprimands or performed inadequately. Alone, Prescia's single remark concerning Wright's age does not compel a finding of pretext. Accordingly, Wright cannot establish that OTB's proffered explanation for the disparity in job assignments was pretextual, and OTB's motion for summary judgment on this claim is granted. *Van Zant,* 80 F.3d at 714.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 5

Not Reported in F.Supp.2d, 2008 WL 762196 (S.D.N.Y.)
(Cite as: 2008 WL 762196 (S.D.N.Y.))

IV. *Retaliation*

To establish a retaliation claim, a plaintiff must show, *inter alia*, a "causal connection between plaintiff's protected activity and [an] adverse employment action." *Gordon v. N.Y. City Bd. of Educ.*, 232 F.3d 111, 113 (2d Cir.2000).

A. *Promotions and Reprimands*

Where, as here, no direct evidence of a causal connection exists, the connection "can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir.2001) (internal quotations omitted). Though there is no bright line establishing temporal proximity, "two months between the protected activity and the adverse employment action seems to be the dividing line." *Cunningham v. Consolidated Edison Inc.*, No. 03 Civ. 3522(CPS), 2006 WL 842914, at *19 (E.D.N.Y. Mar. 28, 2006) (collecting cases). Wright was neither reprimanded nor denied a promotion until five months after he filed his EEOC charge. These actions occur too long after the EEOC charge to be retaliatory. *Cunningham*, 2006 WL 842914, at *19.

B. *Assignments*

If an employer's conduct before and after an employee complaint is consistent, the post-complaint conduct is not retaliatory. *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94-95 (2d Cir.2001) (extensive period of progressive discipline beginning before EEOC charge precluded a finding of retaliation); *Hunter v. St. Francis Hosp.*, 281 F.Supp.2d 534, 547 (E.D.N.Y.2003) (consistent pre- and post-complaint performance reviews cannot support a claim of retaliation). Accordingly, Wright's menial job assignments, including document shredding and filing, which began in 2001, cannot support his claim of retaliation.

CONCLUSION

*6 For the foregoing reasons, Defendant New York City Off-Track Betting Corporation's motion for summary judgment is granted. The Clerk of Court is directed to terminate all motions pending as of March 24, 2008 and close the case.

SO ORDERED:

S.D.N.Y.,2008.
Wright v. New York City Off-Track Betting Corp.
Not Reported in F.Supp.2d, 2008 WL 762196 (S.D.N.Y.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.