IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

LOUIS BRIAN OLESEN, II,
BARBARA OLESEN,
AMERICAN SHOOTERS SUPPLY, INC.,

        Plaintiffs,

                                  06-CV-0959FJS/DRH

   v.

JOHN MORGAN, Special Agent of
the Federal Bureau of Alcohol,
Tobacco and Firearms,

        Defendant.

_____

**STATEMENT OF MATERIAL FACTS**

Defendant, John Morgan ("Morgan"), Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), by and through his attorney, Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Mary E. Fleming, Special Assistant United States Attorney, of counsel, submits the following Statement of Material Facts:

        A.   **FEDERAL FIREARMS LICENSING**

1. On or about June 1999, James R. Frampton applied for a Federal firearms licensing ("FFL") for premises located at 1814 Central Avenue, Albany, New York, and listed American Tactical Systems as the business or trade name. Mr. Frampton was the only responsible person listed. On July 6, 1999, ATF issued FFL No. 6-

14-35209 to James R. Frampton. Mr. Frampton surrendered his license through his attorney on April 18, 2003. Declaration of Patricia Power (hereafter "Power Dec."), ¶ 3.

2. By application dated September 1, 2002, James Frampton, on behalf of the limited liability corporation, BJ Partners LLC, applied for an FFL, naming James Frampton and Louis Brian Olesen, II, as "members" of the corporation. The application was for premises located at 1814 Central Avenue, Albany, New York, and listed B&J Shooting Supplies as the business or trade name. Power Dec., ¶ 4.

3. By letters dated January 6, 2003, Messrs. Frampton and Olesen, on behalf of BJ Partners LLC, withdrew the FFL application. Power Dec., ¶ 4.

4. By application dated December 27, 2002, Louis Brian Olesen, II, applied for an FFL for premises located at 1814 Central Avenue, Albany, New York, listing B&J Guns as the business or trade name. On or about April 3, 2003, Mr. Olesen withdrew his application for a federal firearms license, and sent ATF a handwritten note. The note states that "[d]ue to the unwillingness of the landlord to allow continuance of our lease at 1814 Central Ave and the fact that a premises is required for issuance of a

-2-

federal firearms license I am (sic) need to withdraw my application." Power Dec., ¶ 5.

5. In May, 2003, Guns, Inc. applied for an FFL for premises located at 1702 Central Avenue, Albany, New York. The application is dated May 7, 2003, and was submitted by Barbara Jean Olesen, President. This application was received by the Federal Licensing Center on May 28, 2003. Power Dec., ¶ 6.

6. On July 23, 2003, ATF's Office of Field Operations conducted an application inspection. At the time of inspection, Barbara Jean Olesen changed the application from a corporation to individually owned and added American Shooter Supply as a trade or business name. On August 29, 2003, ATF issued FFL 6-14-00500 to Barbara Jean Olesen. Power Dec., ¶ 7.

7. By application dated September 13, 2004, Brian Louis Olesen, II, applied for an FFL listing Guns, Inc. as a business or trade name, for premises located at 350 Columbia Pike, East Greenbush, New York. ATF received this application on or about November 30, 2004. Power Dec., ¶ 8.

8. On February 15, 2005, ATF conducted an application inspection. At the time of inspection, Mr. Olesen changed the name

of the applicant to Guns, Inc., and added B&J Guns East as the business or trade name. Brian Olesen is listed as President and the only responsible person associated with the business. On July 6, 2005, ATF issued FFL 6-14-00696 to Guns, Inc. Power Dec., ¶ 9.

9. On February 4, 2009, ATF conducted a compliance inspection of FFL 6-14-00500 for Barbara Jean Olesen. At the time of inspection ATF was advised the business had incorporated as American Shooter Supply, Inc. (ASSI). Power Dec., ¶ 10.

10. By application dated March 17, 2009, ASSI applied for a Federal firearms license for premises located at 1702 Central Avenue, Albany, New York, with a trade or business name of B&J Guns. The application lists Barbara Jean Olesen as the sole owner. ATF received the application on or about April 16, 2009. ATF issued FFL 6-14-01196 to American Shooter Supply, Inc.on June 17, 2009. Power Dec., ¶ 11.

11. The Federal Firearms Licensing Center was unable to locate any records that the corporate entity B&J Guns, Inc. ever applied for or was issued a Federal firearms license to do business at 1814 Central Avenue, Albany, New York, or anywhere else in Albany, New York. Power Dec., ¶ 12.

**B.    2002-2003 CRIMINAL INVESTIGATION OF BRIAN OLESEN**

12.    On November 19, 2002, ATF Special Agents and an ATF Inspector interviewed Brian Olesen regarding allegations that his business partner, James Frampton, was stealing firearms from the inventory of their retail firearms business, d/b/a American Tactical Systems, d/b/a B&J Shooting Supply, 1814 Central Avenue, Albany, New York.  Mr. Frampton was licensed in his own name. Mr. Olesen did not hold a federal firearms license, and was not identified as a responsible person in the business.  Declaration of Rory D. O'Connor (hereafter "O'Connor Dec."), ¶ 4.

13.    This November 19, 2002, interview was conducted at the ATF Albany Field Office, with Mr. Olesen's attorney, Michael Rhodes Devey, present.  During the interview, Mr. Olesen informed the agents that Mr. Frampton was falsifying his Acquisition and Disposition (A&D) Book, that Mr. Frampton was removing firearms from the inventory of B&J Shooting Supply, recording the firearms as having been sold to other persons, and then selling the firearms online for personal profit.  O'Connor Dec., ¶ 5.

14.    Subsequently, on or about November 15, 2002, ATF initiated a criminal investigation of B&J Shooting Supplies. O'Connor Dec., ¶ 6.

-5-

15. On December 17, 2002, Mr. Frampton advised ATF that he was suspending operations at B&J Shooting Supply, and would be surrendering his license. O'Connor Dec., ¶ 7.

16. Mr. Olesen and his attorney met with an ATF Special Agent and an ATF Inspector at the ATF Albany Field Office. ATF informed Mr. Olesen that no further firearms transfers could occur at B&J Shooting Supply without Frampton's permission. ATF stressed to Mr. Olesen that he could no longer engage in firearms sales at the business because he did not have a federal firearms license. O'Connor Dec., ¶ 8.

17. On December 18, 2002, Olesen, Olesen's attorney, and Frampton met with Resident Agent in Charge (RAC) John Morgan, another ATF agent and an ATF Inspector at the Albany Field Office to discuss ending their partnership and dissolving their business. Mr. Olesen stated that he would apply for a federal firearms license and would no longer sell firearms at B&J Shooting Supply. Frampton again indicated that he would surrender his federal firearms license. Both parties consented to ATF conducting an inventory of the firearms at B&J Shooting Supply, and that upon completion of the inventory, B&J Shooting Supply would close. O'Connor Dec., ¶ 9.

18. On December 18, 2002, RAC Morgan, another ATF Special Agent and an ATF Inspector conducted a separate interview of Frampton. At that time, Frampton alleged, among other things, that he believed Olesen unlawfully acquired at least two machine guns (see 18 U.S.C. § 922(o)), as well as unlawfully purchasing a firearm from Mike Scarnato, a machinist who performed gunsmithing for Olesen and Frampton. (Of note: In an unrelated transaction, Mr. Scarnato was late convicted in Federal court for Federal firearm violations). O'Connor Dec., ¶ 10.

19. On December 19, 2002, RAC Morgan, an ATF Special Agent and an ATF Inspector conducted a consensual inventory of the firearms and records at B&J Shooting Supply. During the inspection, RAC Morgan observed, on display, a Bushmaster semi-automatic assault type rifle with a pistol grip and a threaded barrel that enabled it to accept an attachable muzzle break. This modification, in conjunction with the pistol grip, placed the rifle in violation of 18 U.S.C. § 922(v) (since repealed) (making it unlawful to possess a semi-automatic assault weapon). RAC Morgan notified Olesen and Frampton that the modification was unlawful and ATF seized the firearm. O'Connor Dec., ¶ 11.

20. On December 19, 2002, during the inventory at B&J Shooting Supply, RAC Morgan noted that Olesen was telling customers

-7-

that he would be open for business once ATF finished its inspection. RAC Morgan reminded Olesen that he could not sell firearms at B&J Shooting Supply without Frampton's permission. When Olesen became confrontational, RAC Morgan cancelled the inventory and ATF left the premises. O'Connor Dec., ¶ 12.

21. On December 20, 2002, RAC Morgan, an ATF Special Agent and an ATF Inspector met with Frampton and Olesen at B&J Shooting Supply. It was agreed that ATF would lock the shop and hold the keys until after the holidays, at which time ATF would continue its inventory. The inventory commenced again on December 30, 2002. O'Connor Dec., ¶ 13.

22. On January 2, 2003, two ATF Special Agent and an ATF Firearms Examiner, from ATF's Firearms Technology Branch, continued the inventory of the firearms and records at B&J Shooting Supply. During the inventory, the ATF Firearms Examiner discovered, as well as other items, an RFI (Indian made), 7.62 mm rifle, which he determined was capable of being converted to a fully automatic weapon, and therefore qualified as a machinegun under the NFA. Receipt or possession of a machinegun is prohibited by 18 U.S.C. § 922(o). O'Connor Dec., ¶ 14.

23. On January 8, 2003, RAC Morgan and two ATF Special Agents executed a federal search warrant at B&J Shooting Supply, seizing required firearms records. The warrant was issued by the United States District Court for the Northern District of New York, and was based upon probable cause for making false entries in the A&D Book and possession of a semi-automatic assault rifle in violation of 18 U.S.C. §§ 922(m), 924(a)(3)(a) and 922(v). O'Connor Dec., ¶ 15.

24. On January 31, 2003, ATF Special Agents executed a second federal search warrant at B&J Shooting Supply, for unlawful possession of four firearms, seizing the four firearms. O'Connor Dec., ¶ 16.

25. On February 6, 2003, RAC Morgan, accompanied by an ATF Special Agent, an ATF Inspector, an ATF Acting Area Supervisor (Industry Compliance), and ATF Counsel met with representatives from the United States Attorney's Office, Northern District of New York, to discuss the proper course for pursuing possible criminal prosecution of Olesen and Frampton for firearms offenses and record-keeping violations. At that time, concerns were raised about whether Frampton's record-keeping violations constituted a misdemeanor under 18 U.S.C. § 922(m) (making it a unlawful for a licensed firearms dealer to knowingly make a false entry in any

required records) or a felony under 18 U.S.C. § 924(a)(1)(A) (making it unlawful to knowingly make a false statement or representation with respect to information required to be kept by a licensee). In addition, the ATF Firearms Technology Branch expressed some doubt as to its previous determination that the Bushmaster semi-automatic rifle actually qualified as an unlawful semi-automatic assault rifle. Based upon these considerations, the United States Attorney's Office decided not to pursue charges. O'Connor Dec., ¶ 17.

26. On January 8, 2003, New York State Supreme Court Justice Bernard Malone faxed RAC Morgan a copy of an Order to Show Cause indicating the Court had appointed Paul Devane as Receiver in the dissolution of B&J Shooting Supply. As part of the dissolution, Olesen and Frampton agreed to surrender the firearms inventory to an auctioneer for liquidation. See Enclosure 1. O'Connor Dec., ¶ 18.

27. On April 18, 2003, Mr. Frampton, through his attorney, surrendered his federal firearms license. O'Connor Dec., ¶ 19.

### C. 2004 INVESTIGATION OF OLESEN FOR POSSIBLE INVOLVEMENT IN HIDDEN OWNERSHIP

28. On December 27, 2002, while ATF was conducting its criminal investigation and regulatory inspection, Olesen submitted an application to ATF to obtain a federal firearms license. On or around that date, Olesen also submitted an application to the County of Albany to become a state-licensed pistol dealer. In March 2003, during the pendency of the county application, New York State Supreme Court Justice Bernard Malone contacted RAC Morgan concerning Olesen's involvement with ATF and his suitability to become a licensed firearms dealer. RAC Morgan advised Justice Malone that Olesen was the subject of an ATF criminal investigation for federal firearms offenses. At that time, Justice Malone informed RAC Morgan that he would not approve Olesen's county application because of Olesen's history of misdemeanor arrests. O'Connor Dec., ¶ 20.

29. On April 3, 2003, Olesen withdrew his application for a federal firearms license, and sent ATF a handwritten note, stating that he was withdrawing the application because his landlord would not allow a continuance of the lease at 1814 Central Avenue, Albany, New York, the address of the former B&J Shooting Supply. O'Connor Dec., ¶ 21.

-11-

30. On May 7, 2003, Olesen's mother, Barbara Olesen submitted an application for a federal firearms license at 1702 Central Avenue, Albany, New York, the proposed location for a new retail firearms business, B&J Guns.  Because of the proximity in time between the denial of Olesen's application for a state pistol dealer's license, Olesen's withdrawal of his application for a federal firearms license, and his mother's application for her own license (first by Barbara Olesen on behalf of Guns, Inc. and later changed to single ownership to "Barbara Jean Olesen, d/b/a American Shooter Supply"), ATF believed that Olesen may be attempting to establish a hidden ownership, in violation of 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 924(a)(1)(A).  O'Connor Dec., ¶ 22.

31. In July 2003, RAC Morgan met with ATF's Industry Operations and ATF Counsel.  It was determined that if all other licensing requirements were satisfied, Barbara Olesen would be granted a federal firearms license. Accordingly, at the request of ATF, Barbara Olesen furnished ATF with an affidavit stating she would be the sole owner of the gun shop. Following the inspection, the ATF Inspector filed a report recommending approval of the application but also recommending a follow-up inspection be conducted after one year.  O'Connor Dec., ¶ 23.

32. In September 2004, RAC Morgan assigned an ATF Special Agent to investigate whether Barbara Olesen was actually acting as the owner of B&J Guns, or whether Brian Olesen was acting as the owner and dealing in firearms without a license. At that time, a United States Postal Service mail cover was requested, and multiple subpoenas were served upon vendors, banks, and service providers, and limited visual surveillance conducted, in an attempt to determine whether Olesen or his mother was acting in an ownership capacity. The results of the mail cover and the responses to the subpoenas demonstrated that Olesen—not his mother—was acting as the owner and operator of American Shooter Supply/B&J Guns. O'Connor Dec., ¶ 24.

33. The investigation into Olesen's conduct was cut short when Olesen applied for his own federal firearms license for B&J Guns East, located at 350 Columbia Turnpike, East Greenbush, New York. O'Connor Dec., ¶ 25.

34. Though ATF's criminal investigation remained open, the ATF Area Supervisor, the ATF Director of Industry Operations, and the Assistant Chief Counsel, New York Field Division, concluded that there were insufficient grounds at that time to deny Olesen's application at B&J Guns East. Accordingly, it was determined that ATF should grant the license now, and revoke the license later if

sufficient grounds developed.  See 18 U.S.C. § 923(d)(1)(C) (applications shall be approved unless, among other things, the applicant has willfully violated provisions of the *Gun Control Act*).  However, with the issuance of a license to Brian Olesen, ATF determined not to further pursue the hidden ownership investigation.  O'Connor Dec., ¶ 26.

DATED:    Buffalo, New York, September 21, 2009.

>Respectfully Submitted,
>
>KATHLEEN M. MEHLTRETTER
>United States Attorney
>
>
> S/Mary E. Fleming
> By: MARY E. FLEMING
>     Special Assistant U.S. Attorney
>     U.S. Attorney's Office
>     Western District of New York
>     138 Delaware Avenue
>     Buffalo, New York 14202
>     Bar Roll No. 514110

```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

LOUIS BRIAN OLESEN, II,
BARBARA OLESEN,
AMERICAN SHOOTERS SUPPLY, INC.,

                Plaintiffs,
                                        06-CV-0959FJS/DRH
     v.

JOHN MORGAN, Special Agent of
the Federal Bureau of Alcohol,
Tobacco and Firearms,

                Defendant.
```

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009, I electronically filed the foregoing **STATEMENT OF MATERIAL FACTS,** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. April M. Wilson, Esq.

                                         S/Diane E. Carlsen
                                         DIANE E. CARLSEN
                                         Legal Assistant